## JESSE GEORGE v. STATE OF NEBRASKA.

FILED APRIL 10, 1901. No. 11,919.

1 Information for Rape: FEMALE CHILD: NEGATIVING INCEST. In an information under the second division of section 12 of the Criminal Code, charging a person with carnally knowing a female child under the age of eighteen years, with her consent, it is not necessary to allege that such female child is other than the "daughter or sister" of the one committing the assault.

2. ———: ALLEGATION OF CONSENT. Nor is it necessary to allege that the offense was committed "with the consent" of such female child.

3. Cross-Examination: DISCRETION OF COURT. As a general rule, the re-examination of a witness should be limited to the points arising out of the cross-examination. But whether this rule shall be strictly enforced or not seems to rest entirely in the discretion of the presiding judge. *Schlencker v. State*, 9 Nebr., 241, followed.

4. Age of Prosecutrix: TESTIMONY OF MOTHER AND SISTER. Admission of testimony of mother and sister as to age of prosecutrix *held* without error.

5. Subsequent Acts of Defendant in Leaving Locality May Be Shown. The state may show, in a prosecution for rape, the subsequent acts of the defendant soon after the alleged commission of the crime, in leaving the locality apparently for the purpose of escaping arrest and prosecution.

6. Instructions. Instructions quoted, in view of the evidence on behalf of the defendant, *held* proper.

7. Evidence. Evidence examined, and found sufficient to support the verdict of the jury and the judgment of the trial court.

ERROR from the district court for York county. Tried below before GOOD, J. *Affirmed.*

*George B. France,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra.*

HOLCOMB, J.

The defendant was charged with the crime of rape under the second division of section 12 of the Criminal Code, which provides, in substance, that if any male person of the age of eighteen years or upwards shall carnally know or abuse any female child under the age of eighteen years, with her consent, unless such female child so known and abused is over fifteen years of age, and previously unchaste, shall be deemed guilty of rape. The charging part of the information was that the plaintiff in error, "a male person over the age of eighteen years, on the 30th day of May, A. D. 1900, in the county of York and state of Nebraska, in and upon one Susan Schroeder, a female child under the age of twelve years, then and there being, feloniously did make an assault, and her, the said Susan Schroeder, then and there wickedly, unlawfully and feloniously did carnally know and abuse." A plea of not guilty to this information was entered and a trial had to the court and jury, resulting in a verdict of guilty and sentence of the defendant to imprisonment in the penitentiary.

Several alleged errors are presented in the brief of counsel and urged as grounds for a reversal. It is suggested that motions to quash the information and in arrest of judgment, which were interposed, ought to have been sustained, because it was not alleged that the person upon whom the assault was committed, and of whom carnal knowledge was had, was "other than the daughter or sister of the defendant." It is provided by section 11 that an assault upon the sister or daughter by force and

against her will constitutes one offense, and it is also provided by the first division of section 12 that an assault upon any other woman or female child than the daughter or sister, forcibly and against her will, shall constitute the offense of rape; but by the second division of section 12 it is provided that the carnally knowing of any female child under the age of eighteen years, with her consent, except as therein noted, shall constitute the offense, and subject the person guilty thereof to the punishment mentioned. This second division, as we view it, constitutes an offense within itself, and charging the crime substantially in the language of the statute is all that is required; and it is not necessary to negative the requirements of either section 11 or the first division of section 12, providing what shall constitute the offense when committed by force and against the will of the person assaulted.

Regarding the requirements of the Criminal Code as to the allegations in an information charging the commission of the crime of rape by force and against the will of the person assaulted, whether a daughter or sister or other person, we are not here concerned. Under the provisions of the statute authorizing the prosecution of a person charged with having carnal knowledge of a female child under the age of consent, as in the case at bar, it is unnecessary to allege that the person assaulted is other than the daughter or sister of the one committing the act. *Jones v. State*, 42 N. E. Rep. [Ohio], 699.

It is also urged that the information is defective, in that it does not charge that the act was committed with the consent of the prosecutrix. This question must be regarded as set at rest and foreclosed by the case of *Davis v. State*, 31 Nebr., 247, wherein it is held: "In a prosecution for an assault upon the person of a girl under the statutory age of consent, with intent to commit a rape, it is not necessary to allege or prove that the acts were done against her will. Whether she consented or resisted is immaterial." Says NORVAL, J., the author of the opinion: "Section 12 quoted above defines the

crime of rape, and it was the intention and purpose of the legislature, in adopting section 14, to punish as a crime an assault upon a female child under fifteen years of age, with intent carnally to know her, whether she formally consent to the assault or not, as well as an assault made upon a female over the age of fifteen years, forcibly and against her will with intent to commit a rape. As it is not necessary in a prosecution for a rape committed upon a child under the age of consent to prove that the acts were done against her will, so an assault with intent to commit a rape made upon a girl under the age of fifteen years is punishable under the statute, although committed with the consent of the child. Whether she consented, or resisted the assault is not material. (*Fizell v. State*, 25 Wis., 364; *People v. Gordon*, 11 Pac. Rep. [Cal.], 762; *Hays v. People*, 1 Hill [N. Y.], 351; *Commonwealth v. Roosnell*, 8 N. E. Rep. [Mass.], 747; *People v. McDonald*, 9 Mich., 150; *Mayo v. State*, 7 Tex. App., 342; *State v. Johnston*, 76 N. Car., 209; *Territory v. Keyes*, 38 N. W. Rep. [Dak.], 440; *People v. Courier*, 44 N. W. Rep. [Mich.], 571; *Stephen v. State*, 11 Ga., 226; 1 Wharton, Criminal Law, 577; *State v. Grossheim*, 44 N. W. Rep. [Ia.], 541.)" Whether or not the prosecutrix consented being immaterial, it follows that it is unnecessary to allege or prove that the act was done with her consent. She is in law regarded as incapable of giving consent to the act. Every element necessary to constitute the crime may be established, irrespective of her consent or want thereof.

Objection is also made because of the admission of certain evidence, and because the prosecutrix was recalled and permitted to testify further regarding the same matters brought out in her examination in chief. It is held in *Schlencker v. State*, 9 Nebr., 241: "As a general rule the reexamination of a witness should be limited to the points arising out of the cross-examination. But whether this rule shall be strictly enforced or not seems to rest entirely in the discretion of the presiding judge."

Says LAKE, J.: "The general rule on this subject is, as claimed by counsel for the prisoner, that the re-examination should be limited to the points arising out of the cross-examination.   But while this is the rule usually observed by the courts, it seems to rest entirely in the discretion of the judge whether it ought to be strictly enforced or remitted as he may think best for the discovery of truth, and the administration of justice.   2 Phillips on Evidence, 912."

Objection is also made because the mother and sister of the prosecutrix were permitted to testify as to her alleged age.   The objection is not well taken.   The evidence of these witnesses as to the age of the prosecutrix was entirely competent for the purpose for which it was introduced.

Objection is further made because evidence was admitted as to the acts of the defendant in leaving the place where he had been staying soon after the commission of the alleged crime and going to another part of the state, apparently to escape arrest and prosecution.   This evidence was proper and to be considered by the jury, to be given such weight only as they thought it entitled to in view of all the other facts and circumstances of the case. It was not error to admit it.   *Mathews v. State*, 19 Nebr., 330; *Anderson v. State*, 4 N. E. Rep. [Ind.], 63.

There is further objection because the state was permitted to give evidence of statements purported to have been made by the defendant to the officer arresting him at the time of the arrest, in the nature of an admission of guilt.   The evidence we think proper.   The statements are shown to have been made freely and voluntarily, without inducement or influence of hope or fear on the part of the officer making the arrest, or any other person. *Furst v. State*, 31 Nebr., 403; *Burlingim v. State*, 61 Nebr., 276.

There are some other objections to the admission of evidence, but we find nothing in regard thereto upon which error can be successfully predicated, and must hold

47

that as to the admission of such evidence, no error appears in the record.

The defendant, on the trial of the case, introduced evidence for the purpose of proving that the prosecutrix was over the age of fifteen years at the time of the alleged offense, and was of unchaste character. Upon this phase of the case the court instructed the jury. The giving of such instruction was duly excepted to, and is now assigned as error. The court instructed the jury that the chastity or unchastity of the prosecutrix should not be considered, if the jury believed from the evidence beyond a reasonable doubt that she was under the age of fifteen years at the time the crime charged in the information is alleged to have been committed. It is then stated: "If, on the contrary, the jury believe from the evidence that the said Susan Schroeder was over fifteen years of age and under eighteen years of age at the time of the assault charged in the information, and that the said Susan Schroeder was unchaste as herein defined, or if you entertain a reasonable doubt as to her chastity, then you should acquit the defendant, unless you believe from the evidence beyond a reasonable doubt that the said Susan Schroeder was under the age of fifteen years at the time of the assault charged in the information." The defense sought to be established by the testimony referred to was good under the statute, and if the evidence in regard thereto raised a reasonable doubt in the minds of the jury, it was their duty to acquit; but if, as instructed by the court, they believed beyond a reasonable doubt that she was under fifteen years of age, the defendant would then be guilty of the offense charged, regardless of the question of chastity. There was no error in charging the jury upon this phase of the case. The instruction was based upon, and responded to, one theory of the defense sought to be established by the evidence on behalf of the defendant.

Lastly, it is urged that the evidence is insufficient to support the verdict, for want of corroborating evidence

to that of the prosecutrix. The defendant admits that he was with the prosecutrix at the time the offense is alleged to have been committed, going with her a distance of about one and one-half miles, during which time, it is claimed by the state, the offense was committed, but he denies that any act of sexual intercourse took place. A statement made by the defendant at or about the time of his arrest on the charge against him was in the nature of an admission, and might very properly be regarded as corroborative of the evidence of the prosecutrix. His apparent effort to escape soon after the alleged crime was a circumstance proper to be considered by the jury. There was also evidence before the jury, given by the defendant, most contradictory in character, which affected his credibility by reason thereof, and would correspondingly add weight and force to the evidence of the prosecutrix. While the corroborating circumstances are but few, and not as strong as might be desired in order that the commission of the offense be established in an entirely satisfactory manner, we are not prepared to say that there are not sufficient corroborating facts and circumstances to the testimony of the prosecutrix to sustain the conviction, notwithstanding the denial of the act by the defendant in his testimony.

The verdict of the jury is supported by sufficient evidence, and the judgment of conviction will not be disturbed.

AFFIRMED.