## CHARLES WILLIAMS v. STATE OF NEBRASKA.

FILED JUNE 18, 1903. No. 13,182.

1. **Arrest: ATTEMPT TO ESCAPE.** An attempt to escape by one under arrest accused of crime is an inculpatory circumstance properly to be considered by a jury and to be given such weight as it seems fairly entitled to, with the other evidence introduced at the trial, in determining the question of the guilt or innocence of the accused.

2. **Instructions.** When no proper instruction has been requested, it is not prejudicial error for a trial court not to specially instruct the jury as to the law applicable to evidence tending to prove an attempt to escape by a prisoner accused of a crime.

3. **Oral Directions as to Verdict.** Oral directions to the jury set out in the opinion relative to the reception of a verdict examined, and *held* not to be violative of the rule requiring all instructions to be in writing; nor to be evidence of coercion of the jury.

ERROR to the district court for Lancaster county: LINCOLN FROST, DISTRICT JUDGE. *Affirmed.*

*Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

HOLCOMB, J.

The defendant is charged with the crime of robbery from the person, accomplished by violence and by putting in bodily fear the victim of the assault. A trial to the court and jury resulted in a verdict of guilty as charged in the information. A motion for a new trial having been overruled, the judgment of the court was pronounced sentencing the defendant to imprisonment in the penitentiary for a period of twelve years. The defendant prosecutes error in this court for the purpose of having a review of the record of his trial and obtaining a reversal of the judgment of conviction.

On the trial of the case some evidence was introduced

by the prosecution tending to prove that the accused had attempted to escape from custody after his arrest on the charge of the commission of the alleged crime. An instruction relating to the testimony on this point was asked by the defendant in the following form:

"The jury are instructed that an attempt to escape is no evidence of guilt."

Refusal to give the instruction is assigned as error. The ruling of the court on the requested instruction was in harmony with the prior decisions of this court, and in conformity with the generally accepted rule as to the admissibility of such evidence, as we understand the question. The attempt to escape, if one was made, was an inculpatory circumstance properly to be considered by the jury and to be given such weight as it seemed fairly entitled to with the other evidence introduced, in determining the question of the guilt or innocence of the accused. Says Mr. Bishop in his new Criminal Procedure (vol. 1, sec. 1250):

"Proof is admissible that after the supposed commission of the crime, the defendant fled or concealed himself, as though to elude justice; or endeavored to avoid arrest or after arrest, attempted or effected his escape, or gave straw bail and forfeited his recognizance. The weight of this evidence is for the jury; sometimes it is slight, it is always open to explanation by the defendant, and is often greatly modified by the special circumstances."

See, also, *Matthews v. State,* 19 Neb. 330; *George v. State,* 61 Neb. 669, 675.

But it is contended that even if the instruction tendered does not correctly state the law, still it was the duty of the court to have instructed the jury on that point, as it was a material issue and the failure to do so is reversible error. Whether the defendant attempted to escape or not, was not a material issue such as required a finding of its existence or nonexistence before a verdict responding to the general issue could be returned. It was not an essential element necessary to constitute the crime charged.

The testimony relating to the matter may have had little or no weight with the jury in finding their verdict, and yet the evidence otherwise be such as to entirely justify them in finding the defendant guilty. The fact of the attempted escape, if believed by the jury, was, simply, an evidentiary circumstance to be considered for whatever it is worth in determining the guilt of the accused; and the failure of the court to charge especially as to the law applicable to such evidence would not amount to prejudicial error, any more than a failure to give a specific charge on many other incriminating circumstances shown in evidence. The jury, after hearing all the evidence, were to judge of the weight and convincing power of this evidence in ascertaining the truth of the charge, as they would other facts and circumstances tending to prove guilt, and arrive at a verdict accordingly. No reversible error was committed because of the court's failure to specifically instruct the jury on the point under consideration. After arguments by counsel and the instructions which were given to the jury by the court on the law of the case, the court it appears stated orally to the jurors:

"Gentlemen of the jury, if you agree on a verdict within a reasonable time the court will receive the same. You can not in this case bring in a sealed verdict."

One of the jurors asked what was meant by a "reasonable time," and the court responded orally:

"By a reasonable time I mean not later than 10 o'clock."

It is said this transaction as it occurred constitutes error calling for a reversal of the judgment, because the language used by the court amounted to the giving of oral instructions contrary to the statute and the rule requiring all instructions to be in writing, and that the instructions thus given also amounted to a coercion of the jury in that it required them to return a verdict within the time stated or subject themselves to the displeasure of the court or a prolonged confinement in the jury room, without an opportunity of returning a verdict when they should agree upon one. We do not think either objection is tenable,

What was said to the jury was not an instruction in the proper sense of the word, but information advanced with reference to the time during which a verdict could be received in open court on the day in which the cause was submitted, and that, in the cause then on trial, a sealed verdict, such as might be received in many cases, could not be returned. When fairly interpreted, the statement was in substance that the court would be open to receive the verdict if agreed upon at any time before 10 o'clock on that day and, if not, the jury would be required to remain together till the court again opened on the following day. No rule was violated in giving these directions by the court orally and there was nothing contained in what was said that can properly be construed as evidence of coercion. The jury will be presumed to have been composed of men of average intelligence, acquainted with the procedure and mode of conducting trials obtaining in the courts in the hearing of causes requiring the aid of a jury, and to have understood the court's statements as meaning only that the court was ready to receive the verdict, if agreed upon at any time before the hour named and, if not, it could not be returned until the opening of court the following day. The foregoing disposes of all the objections argued in the brief of counsel for the defendant; and, from a consideration of each and all of them, we are persuaded that no sufficient reason has been presented for a reversal of the judgment and sentence pronounced by the trial court. The judgment is therefore, in all respects,

**AFFIRMED.**