## Maxey and Warner v. Commonwealth.

(Decided March 22, 1927.)

## Appeal from Laurel Circuit Court.

1. Criminal Law.—In prosecution for robbery, testimony that witness saw defendants near a church different from that around which the evidence revolved held not prejudicial.
2. Criminal Law.—In prosecution for robbery, excluding testimony that prosecuting witness stated to witness testifying, on the night of the robbery, that he did not recognize those who robbed him, held not prejudicial error, in view of prosecuting witness' admission that he made a similar statement to a number of persons on that night.
3. Criminal Law.—In prosecution for robbery, newly discovered evidence held insufficient to require new trial, where it would add nothing to the defense.
4. Robbery.—In prosecution for robbery, evidence held sufficient to submit question of defendants' guilt to jury.
5. Criminal Law.—In absence of some error appearing in the record which probably caused the jury to reach a wrong conclusion, a verdict of guilty must stand.

WILLIAM LEWIS & SON and REAMS & JOHNSON for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellants are young men convicted in the Laurel circuit court on the charge of robbery. In the brief filed in their behalf they urged that they did not have a fair trial. They rely on two grounds: (1) that the court erred in the admission and rejection of evidence and (2) the verdict of the jury is flagrantly against the evidence.

We find no objection in the record to the admission of the evidence about which complaint is made. Nevertheless we have given consideration to the evidence complained of, and if proper objections had been saved to its admission no prejudicial error would have been committed by the trial court in allowing the evidence to be heard. Bill Bush testified that he saw appellants near a church different from the colored church around which the evidence revolves, but we can see no reason to complain because of the admission of this evidence. There is nothing in the evidence of Bill Bush to help or hurt the appellants. Complaint is made because the court refused

to allow Jeff Johnson to state whether the prosecuting witness, Newland, said to him on the night of the robbery that he did not recognize those who robbed him. No avowal is in the record as to what the answer of the witness would have been. As Newland had admitted that he told a number of persons on the night of the robbery that he did not recognize the robbers, there is nothing prejudicial to the rights of the appellants growing out of the refusal of the court to allow the witness to answer the question.

The other ground relied on for reversal requires a brief statement of the facts. The appellants had been away from their homes near London for about two years working in Cincinnati. They came home on the 17th of January. Before the robbery and at the time it happened a "holiness" meeting had been and was conducted at the colord Methodist church in the suburbs of London. Jim Newland was an old negro track walker for the railroad company and lived about a mile and a half from London. He took an active interest in the "holiness" meeting. On the night of January 25th he attended the meeting and the services closed about nine o'clock. He started home, traveling the Moren Road, and when he reached a point near the residence of Joe Williams he was held up and robbed by two men at the point of two pistols. They took from him $12.00 in money, a pocket knife and a watch. Immediately after the robbery he returned to London and notified the town marshal and the sheriff. He did not claim that he recognized the men who robbed him, but he testified that he told them he would know them when he saw them. On Wednesday night following he saw the two appellants and recognized them and procured a warrant of arrest for them and they were arrested on the following day. On the trial he was positive in the identification of the appellants. There was no hesitancy in his answers and he expressed no doubt that the appellants were the men who robbed him. He described them as having on light overcoats, one wearing a cap and the other a hat. When he saw them on Wednesday night they were dressed the same way. The appellants denied that they committed the robbery and undertook to establish an alibi. They denied that they went in the church house on Monday night, but admitted that they were on the grounds. They were seen at a filling station by several witnesses and, according to their statements, they walked around the town for a while and went

home, arriving at the home of Maxey about ten minutes after nine. Two or three witnesses testified for the commonwealth that they were seen to enter the church house on Monday night and remain for a while and then leave. It was also testified that they returned a second time and left again before church was over. One witness testified that appellants asked him a short while before the robbery whether he thought Newland carried a big roll of bills. Another witness testified that he sold appellant, Maxey, a thirty-two caliber pistol about a week before the robbery, although he said the pistol was almost worthless. Another witness saw appellants shooting a pistol a few days before the robbery. The evidence offered in behalf of appellants tends to show that on the night of the robbery they were not dressed as described by Newland. Other witnesses stated that they did not go inside the church. There was little evidence aside from that of Newland to connect appellants with the robbery and there is little evidence offered by appellants tending to show that they may not have been guilty of the robbery other than what they state themselves.

Attached to their motion and grounds for a new trial are several affidavits as to what the affiants knew about the case. These affidavits would add nothing one way or the other to the defense of appellants. They relate to whether appellants went inside the church on Monday night and show that some of the affiants would state that Newland said he did not recognize the robbers at the time of the robbery. If this evidence had been introduced there is no reason to believe that it would have tended to change the result of the verdict.

The question of the guilt or innocence of the appellants was for the jury. They had a fair trial. No complaint is made of the instructions. The instructions correctly submitted the law of the case. When a jury decides a case like this the verdict of the jury must stand unless there appears some error in the record which probably caused the jury to reach an erroneous conclusion. No such error appears in this record. The jury knew all of the witnesses and it is not probable that they did these young men an injustice after they had heard all of the evidence and had been properly instructed as to the law. If, however, the verdict does the appellants an injustice it is not the province of this court to assume the responsibility correctly placed upon juries.

Judgment affirmed.