## Morgan v. Commonwealth.

(Decided January 27, 1928.)

### Appeal from Cumberland Circuit Court.

1. Criminal Law.—It is the province of the jury to determine credibility of witnesses, and jury's verdict, convicting of rape on uncorroborated testimony of prosecutrix, must stand, unless error appears on record which probably caused jury to reach improper conclusion.

2. Indictment and Information.—Indictment is sufficient under Constitution, sec. 11, and Criminal Code of Practice, sec. 124, and section 122, sub-sec. 2, if from it the accused can know offense of which he is accused and the acts constituting it, and if court is thereby enabled to pronounce judgment upon conviction; "indictment" being the commonwealth's pleading whereby one is formally accused of a public offense.

3. Rape.—Lack of consent is essential element of crime of rape on female infant under 12, denounced by Ky. Stats., sec. 1152, and carnally knowing female without her consent under section 1154, both of which authorize capital punishment.

4. Rape.—Indictment charging defendant with carnal knowledge of female under 16 years of age held to state offense under Acts 1922, c. 17, (now Ky. Stats., Supp. 1926, sec. 1155), providing for punishment of male person carnally knowing female child under 18 with her consent, notwithstanding failure of indictment to allege that female consented.

5. Indictment and Information.—Indictment under Acts 1922, c. 17 (now Ky. Stats., Supp. 1926, sec. 1155), relating to carnal knowledge of female between age of 12 and 18, with her consent, which charged defendant with having carnal knowledge of female under 16 years of age held not defective, as uncertain under Constitu-

tion, sec. 11, and Criminal Code of Practice, sec. 124, and sec. 122, subsec. 2, or as charging two offenses, notwithstanding failure of indictment to charge that female was over 12 years of age, since court on plea of guilty, would not find defendant had committed crime under Ky. Stats., Supp. 1926, sec. 1155, subsec. 1, denouncing carnal knowledge of child under 12, in view of more severe penalty imposed; there being no allegation of offense under Ky. Stats., secs. 1152, 1154, 1158, 1219, or 1320.

6.  Rape.—Offense of carnally knowing female under 18 with her consent, under Acts 1922, c. 17 (now Ky. Stats., Supp. 1926, sec 1155), is a degree of the crime of carnally knowing female under 18 against her consent, which is denounced by Ky. Stats., sec. 1154.

7.  Rape.—Evidence of intercourse had by force held to sustain conviction of defendant under Ky. Stats., sec. 1154, denouncing carnal knowledge of female under 18 with her consent, since crime denounced by section 1154 is merely degree of crime of carnal knowledge of female against her consent, under Acts 1922, c. 17 (now Ky. Stats. Supp. 1926, sec. 1155).

8.  Criminal Law.—Defendant, convicted of carnally knowing female under 18, under Acts 1922, c. 17 (now Ky. Stats. Supp 1926, sec. 1155), relating to carnal knowledge of female with her consent, and sentenced under subsection 2, sec. 1155, could not complain that intercourse was accomplished by force, since defendant received lighter sentence than in case of conviction of carnal knowledge by force under section 1154.

ROLLIN HURT, S. G. SMITH and W. E. MILLER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant, whom we shall call the defendant, seeks by this appeal to reverse a judgment imposing upon him five years' imprisonment in the penitentiary for having had sexual intercourse with Gracie Ross, a 15 year old girl. The prosecuting witness is a daughter of the defendant's deceased sister, Minnie Morgan Ross, who died when the prosecuting witness was but a few months old. This child was taken by her grandfather, Reece Morgan, to his home, and was reared there. In that home lived her uncle, the defendant, a bachelor 26 years older than this child. She testified that about Christmas, 1923, the defendant by force had sexual intercourse with her. The account she gives seems highly improbable, and the defendant is very positive in his denial, but his evidence was weakened by his admission

that theretofore he had been convicted of a felony. As is usual in such cases, these are the only witnesses who testify directly on this feature of the case. It was the province of the jury to determine which of these two witnesses was telling the truth, and ordinarily the verdict of the jury must stand, unless there appears in the record some error which probably caused the jury to reach an erroneous conclusion. Maxey & Warner v. Com., 219 Ky. 745, 294 S. W. 507.

The defendant argues that his demurrer to the indictment should have been sustained, because it, as he contends, charges more than one offense, and is not drawn with that certainty required by section 124 of our Criminal Code, and does not, as he says, state the facts constituting the crime with that particularity required by section 11 of our Constitution and subsection 2 of section 122 of our Criminal Code. An indictment is the commonwealth's pleading by which one is formally accused of a public offense, and it is sufficient if from it the accused can know the offense of which he is accused and the acts constituting it, and the court is by the indictment enabled to pronounce judgment upon conviction. One method proposed by the defense of testing the sufficiency of the indictment is to examine it to see if from it the court would have been able to have instructed the jury if the defendant had pleaded guilty. This indictment charges the defendant with having carnally known a female under 16 years old, and omits to charge that such was done with the consent of the female, or that she was more than 12 years of age. If the defendant had pleaded guilty the court would at once have known the defendant was not charged with violation of either section 1152 or section 1154 of our Statutes, because the indictment does not allege the sexual intercourse was had without the consent of the prosecuting witness. Lack of consent is an essential element of the crime denounced by each of those statutes. Since it does charge the accomplishment of the intercourse, section 1159 is eliminated. No allegation of a promise of marriage is in it, so section 1214 drops out. As the blood relationship of the parties is not alleged, section 1219 need not be considered, and as it fixes the age of his victim at less than 18, section 1320 is eliminated.

Necessarily this intercourse was had either with or without this child's consent. As the indictment does

charge that the intercourse was had, and does not allege it was had without her consent, it follows that the charge is that it was had with her consent, and the use of the words "with her consent" would not have made the charge any more effectually, nor would the particular crime have been any more specifically indicated if there had been inserted parenthetically, "the same being an offense denounced by act of March 20, 1922, see chapter 17, p. 65, Acts of 1922, now section 1155, Ky. Stats." By section 2061, Cobbey's Ann. Code 1901 (old section 12), of the Criminal Code of the State of Nebraska, it is provided: "If any person . . . shall carnally know . . . any female child under the age of 18 years, with her consent," etc. In the case of George v. State, 61 Neb. 669, 85 N. W. 840, George was charged with having had carnal knowledge of Susan Schroder, a child under 12 years of age, but the indictment failed to contain the words "without her consent." It will be observed that the statute, the indictment, and the contention made by the defendant are the same as in the case before us, and the Nebraska court quoted with approval from one of its earlier decisions this:

"In a prosecution for an assault upon the person of a girl under the statutory age of consent, . . . it is not necessary to allege or prove that the acts were done against her will. Whether she consented or resisted is immaterial."

In support of that statement, the Nebraska court cited many authorities. Exactly the same question came before that court again in the case of Reinoehl v. State, 62 Neb. 619, 87 N. W. 355, the same offense, the same sort of indictment, and the same alleged error, and that court adhered to, and cited with approval, its decision in George v. State, supra.

By the eightieth section of the Crimes Act of N. J. as amended in 1887 (P. L. p. 230), it is provided that, if "any person . . . of the age of 16 years or over, shall unlawfully and carnally abuse a woman under the age of 16 . . . with or without her consent," etc. One John Farrell was charged by indictment with having made a carnal assault upon Freda Drews, a girl under the age of 16 years. The indictment did not say whether this intercourse was had with or without the consent of Freda Drews, and Farrell made the same con-

tention the defendant·is making in this case, and the Supreme Court of New Jersey, in the case of Farrell v. State, 54 N. J. Law, 421, 24 A. 725, held such omission to be immaterial. The purpose of the law is to protect and preserve the chastity of the young. The act is to be read and treated as though it began thus: "Every person who shall carnally know, even though with the child's consent," etc. The statute was designed to protect the young of both sexes. It was enacted to protect such children, not only from the passions of members of the opposite sex, but from their own frailty. It is the voice of society, echoed in our statute law, that the bloom of the virtue and innocence of youth outweighs all other considerations, and must be preserved, and invasions of that virtue must be punished, even though, through a temporary weakness, curiosity, or want of understanding on their part, they consent to, or invite their own ruin. The convicted despoiler of boys or girls under 18, even though with their consent, must pay the penalty. From this we conclude that the failure of the indictment to charge that this intercourse was had with the consent of Gracie Ross did not make it demurrable.

The defendant's next contention is that this indictment charges two offenses, and he bases that contention on the fact that the indictment merely charges that the defendant's victim was under 16 years of age, and does not charge that she was over 12 years of age. He contends that, by subsection 1 of section 1155, Ky. Stats., sexual intercourse with a child under 12 years of age is denounced as an offense, to be punished by imprisonment in the penitentiary for not less than 20, nor more than 50 years, or by death in the discretion of the jury, while, by subsection 2 of that act, sexual intercourse with a child over 12 and under 16 years of age is denounced as an offense, and is punishable by imprisonment in the penitentiary for not less than 5, nor more than 20, years, and he contends that, as one cannot tell from this indictment whether the child is under 16 years or under 12, he is charged with two offenses. He is in error. The offense denounced by section 1155 of our Statutes is unlawfully having carnal knowledge of a child under 18 years of age, with the child's consent. There are different punishments imposed, the punishments being graded according to the age of the perpetrator, and the age of the victim, but there is but one offense, and this indict-

ment charged the defendant with but one offense, and that was having sexual intercourse with a girl less than 18 years of age.

The effect of the act of March 20, 1922, now section 1155 of the Kentucky Statutes, was to raise the age of consent to 18 years.   The offense with which the defendant is charged is that of having unlawfully had intercourse with a girl under that age.   Upon a plea of guilty to such a charge, in the absence of evidence as to the age of the victim, there might be a doubt as to the degree of the offense and the amount of punishment to be inflicted. In the face of such doubt the court should give the defense the benefit of the doubt, and, upon a plea of guilty, should, because of section 239 of the Criminal Code, instruct the jury under the higher age, and direct it to impose the smaller punishment, and this was done. We find no error in the overruling of the demurrer to the indictment.

The defendant's motion for a peremptory instruction to find him not guilty was overruled, and he contends that was erroneous.   The prosecutrix testified this intercourse was accomplished by force, and defendant argues he was therefore not proven to have violated section 1155. This is merely a restatement of the position he took relative to the sufficiency of the indictment.   His argument is bottomed upon his idea that, to constitute an offense under section 1155 of the Statutes, the child must consent, and we have stated he was in error as to that.   He contends the jury was erroneously instructed, because the jury was instructed under subsection 2 of section 1155, whereas the evidence against him, if it is to be believed, shows he violated section 1154 by forcibly accomplishing this intercourse, and not section 1155, by procuring the consent of his victim.   The offense charged under section 1155 is, however, a degree of the crime denounced by section 1154.   See Moseley v. Com., 206 Ky. 173, 266 S. W. 1048.

In this state of affairs, under section 232 of the Criminal Code, where the facts proved constituted a higher offense than that charged in the indictment, the court might have discharged the jury and suspended proceedings until the case could be resubmitted to the grand jury, but the commonwealth made no such request, the court

did not do it on its own motion, as it might have done, and, of course, the defendant was not going to make such a motion. The proof for the commonwealth showed a violation of section 1154, the punishment for which is imprisonment for a period of from 10 to 20 years, or death, whereas the case was submitted to the jury under an instruction drawn under subsection 2 of section 1155, under which the penalty was an imprisonment of from 5 to 20 years. The jury believed the evidence for the commonwealth; yet it gave him a sentence of only 5 years, and, having received the benefit of the lighter sentence, the defendant was not prejudiced, and hence cannot complain.

The judgment is affirmed.