# Woods v. Commonwealth.

(Decided Oct. 24, 1933.)

RUMSEY BOGGESS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Ernest Woods, was indicted for carnally knowing a female child, not his wife, under the age of eighteen years, and on his trial was convicted and sentenced to a term of three years in the state penitentiary.

He seeks a reversal of the judgment because, as he insists, the trial court erred (1) in overruling his demurrer to the indictment; (2) in refusing to grant him a continuance; (3) in admitting incompetent evidence; and (4) in refusing to permit him to read all the evidence embraced in an affidavit for a continuance.

The indictment charges that the appellant "did unlawfully, feloniously and willfully carnally know a female infant under the age of eighteen years * * * one Elnora McCoy."

It is insisted that the indictment is defective in

that it merely states that the prosecuting witness is a female infant under the age of eighteen years, and does not state her age definitely. It is argued that the indictment should have stated specifically the age of the prosecuting witness in order that it might inform appellant under what sub-section of section 1155 of the Kentucky Statutes Supp. 1933 he was being prosecuted. The same objection was made to a similar indictment in Morgan v. Commonwealth, 222 Ky. 742, 2 S. W. (2d) 370, 372 and the indictment was held sufficient. The court said: "The offense denounced by section 1155 of our Statutes is unlawfully having carnal knowledge of a child under 18 years of age, with the child's consent. There are different punishments imposed, the punishments being graded according to the age of the perpetrator, and the age of the victim, but there is but one offense, and this indictment charged the defendant with but one offense, and that was having sexual intercourse with a girl less than 18 years of age."

Appellant's claim that the trial court erred in overruling his motion for a continuance is based on two grounds: (1) Because his counsel was not given sufficient time to prepare the case for trial. (2) Because of absent witnesses. The second ground may be disposed of briefly by saying that appellant filed his affidavit in which he set out what three witnesses would testify if present. The court permitted him to read so much of his affidavit as set out the testimony of two of the witnesses and refused to permit him to read so much of the affidavit as set out what the witness, Wayman Mahan, would testify, on the ground that the testimony of Mahan, if present, would be incompetent. This ruling is correct, and will be discussed more fully later in this opinion.

The indictment against appellant was returned on January 17, 1933, which was the eighth day of the January term of the Muhlenberg circuit court, and the case was set for trial on the seventeenth day of the term. On January 26, the day before the case was set for trial, a special term of the Muhlenberg circuit court was called to convene on Monday, January 30, 1933, and the case of Commonwealth v. Ernest Woods was set for trial on the second day of the special term. The case was later continued to the fourth day of the special term, or February 2, 1933. The attorney who had been

appointed by the court to represent the appellant, and later had been employed by him, filed his affidavit in which he stated that he had been under the impression that the case would be continued until the April term of court, and he had not had time to prepare the case and to make a proper defense in behalf of the appellant. Nearly three weeks had elapsed since the indictment had been returned, and the trial was held nine days after the case was set for trial at the special term. No facts are disclosed tending to indicate that this time was not amply sufficient for the counsel to prepare the case, and under the circumstances the trial court did not abuse the sound discretion vested in it in overruling appellant's motion for a continuance. In Jones v. Commonwealth, 238 Ky. 453, 38 S. W. (2d) 251, the same complaint was made where the defendant's counsel had two weeks within which to prepare the case and it was held that the trial court committed no error in overruling the motion for a continuance where there was no showing that would indicate that the defendant's counsel could have been better prepared had a continuance been granted. In Vick v. Commonwealth, 236 Ky. 436, 33 S. W. (2d) 297, the defendant was tried during the indictment term and two weeks after the case was set for trial. In his affidavit and in the affidavit of his attorney in support of his motion for a continuance it was stated that it had never been the custom to require the defendant in an important case to try his case at the term in which the indictment was returned, and because of this custom the attorney advised the defendant prior to the time the indictment was returned that there would be no trial of the case at that term, and by reason of the press of other engagements the attorney had not had an opportunity to prepare the case for trial and the case could not be tried at that term in justice to the defendant. It was held that the trial court did not abuse its sound discretion in overruling the motion for a continuance. Also see Willaims v. Commonwealth, 230 Ky. 327, 19 S. W. (2d) 964; Belcher v. Commonwealth, 216 Ky. 126, 287 S. W. 550.

During the examination of the prosecuting witness she was asked if appellant had made any statement to her or in her presence or in the presence of herself and another that he had intercourse with her. The question was objected to, the objection overruled, and she an-

swered, "Yes." In answer to another question, she said that this statement was made at her home in the presence of her mother on the 11th day of January. Elmer McCoy, father of the prosecuting witness, was asked if he had had any conversation with Ernest Woods with reference to his association and conduct with his daughter, Elnora McCoy, and over appellant's objection he answered, "Yes." He later testified that appellant had admitted to him that he had had sexual intercourse with Elnora McCoy, and that the admission was made at the home of the accused on January 10, 1933. Appellant argues that his objections to these questions should have been sustained because the time and the place where the alleged admissions were made were not set out in the questions. The contention is without merit, since the testimony was of a substantive nature and not merely for the purpose of contradicting the appellant, and it was not necessary to fix the time and place when and where the statements were made; but even if the questions had been asked for the purpose of contradicting appellant, the time and place were fixed in the course of the examination of the witnesses.

It is finally contended that the trial court erred in not permitting appellant to read that portion of his affidavit as to what the witness, Wayman Mahan, would testify. The portion excluded is as follows: "He says that if the witness, Wayman Mahan, were present in court on this trial of this case he would testify and said testimony when given would be true, that he kept company continuously with the prosecuting witness, Elnora McCoy, for at least three weeks during the months of July and August, 1932, and that said witness would further state that he was out with said prosecuting witness at all times and all hours in the day and night at different times during said months of July and August, 1932, and said witness would further testify if present in court that said prosecuting witness had not had improper relations with this defendant."

This evidence was nothing more than a conclusion of the witness Mahan, and was clearly incompetent. The court properly excluded it.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.