## Blankenship v. Commonwealth.

November 1, 1949.

J. E. Childers for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE CAMMACK—Reversing.

Leo Blankenship was convicted of having carnal knowledge of a female under the age of 15 years and sentenced to five years' imprisonment. From that judgment this appeal is taken on the grounds that (1) neither the law nor the evidence sustains the conviction; and (2) the court erred in failing to instruct on the whole law of the case.

Little of the evidence needs to be detailed. The prosecuting witness and a girl companion testified that Blankenship compelled the prosecuting witness to leave her companions on the road and go to a bottom with him at the point of a gun. The prosecuting witness said he then compelled her to have intercourse with him against her will. Six men, who were among those up on the road at the time the crime is alleged to have been committed, stated that at no time did Blankenship and the girl leave the others until the parties separated as shown by the testimony of all the witnesses.

The indictment failed to include the words, "with her consent," but it is obvious and both parties admit that it was drawn to charge a violation of KRS 435.100.

In respect to the contention that the verdict can not be sustained, it is argued that, while the indictment and conviction were for the crime of carnally knowing a female under 15 years with her consent, all the evidence indicates that the attack, if any, was the result of force and that, therefore, the appellant is not guilty as charged in the indictment. The same contention was advanced in the case of Morgan v. Commonwealth, 222 Ky. 742, 2 S. W. 2d 370. Therein it was held that the crime of having carnal knowledge of an infant below the age of consent was a lesser degree of the crime of rape and that an accused could not complain of having been convicted of a lesser offense on the theory that the proof warranted a conviction of a greater degree of it, if any at all.

The other ground advanced as warranting a reversal of the judgment is that the jury was not instructed upon the whole law of the case. Counsel for appellant insists that an instruction should have been given on the offense of detaining a woman against her will, as denounced by KRS 435.110. While it is established that an instruction on detention will not be given on the

trial of one indicted under KRS 435.100, Blankenship v. Commonwealth, 234 Ky. 531, 28 S. W. 2d 774, where the evidence warrants, an instruction should be given on the common-law crime of attempting to carnally know a female of minor years with her consent. Nider v. Commonwealth, 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913E, 1246.

Whether such an instruction should have been given depends on whether there was a question of fact as to penetration. Penetration must be shown to sustain a conviction for the crime with which the appellant was charged. While the prosecuting witness stated that Blankenship compelled her to have intercourse with him, both of the girls stated that upon returning to the road he remarked, "The little wildcat wouldn't let me have it. She clawed my eyes out." Blankenship denied penetration by his defense, which was in effect an alibi, because he said he did not force the prosecuting witness to go to the bottom with him and was never alone with her. Certainly this evidence raises a doubt on the question of penetration, which was for the jury's determination, and it follows that the principle requiring instructions upon the whole law of the case has not been complied with.

Upon retrial an instruction should be given on the common-law misdemeanor of attempting to carnally know a female under the age of consent and the court should also instruct the jury that, if in doubt as to the degree of the offense committed, it shall convict on the lesser offense.

Complaint is also made of the trial court's action in modifying the instructions after having submitted the case to the jury. Inasmuch as this will not happen again if there is a retrial, we deem it unnecessary to discuss the question.

The judgment is reversed for proceedings consistent with this opinion.