**Johnny Ray BAGBY,
Petitioner–Appellant,**

v.

**Dewey SOWDERS, Warden, Northpoint Training Center, Respondent–Appellee.**

No. 87–5286.

United States Court of Appeals,
Sixth Circuit.

Reargued March 22, 1989.

Decided Jan. 17, 1990.

B. Todd Thompson, Woodward, Hobson and Fulton, J. Michael Dalton (Argued), Louisville, Ky., for petitioner-appellant.

David L. Armstrong, Atty. Gen. of Ky., Mary James Young, Kay Winebrenner, John S. Gillig (argued), Frankfort, Ky., for respondent-appellee.

Before MERRITT, Chief Judge, KEITH, KENNEDY, MARTIN, JONES, KRUPANSKY, WELLFORD, MILBURN, GUY, NELSON, RYAN, BOGGS and NORRIS, Circuit Judges, and ENGEL * and CONTIE, Senior Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Johnny Ray Bagby, a state prisoner, appealed from a district court order dismissing his petition for a writ of habeas corpus.

A divided panel of this court affirmed the district court's order in part, and reversed it in part. *Bagby v. Sowders*, 853 F.2d 1340 (6th Cir.1988). The panel remanded the case to the district court with instructions to grant the writ unless the State of Kentucky granted Bagby a new trial within a reasonable time. A majority of the judges of this court in regular active service voted to rehear the case en banc. Fed. R.App.P. 35(a); *Bagby v. Sowders*, 866 F.2d 824 (1988). Accordingly, the panel's decision has been vacated and, although we reconsider all issues raised on appeal (6th Cir.R. 14), we are primarily concerned with whether Bagby's claim that he was entitled to a jury instruction on a lesser included offense was cognizable on federal habeas corpus review of his state trial. For the reasons which follow, we affirm the order of the district court denying Bagby's petition for a writ of habeas corpus.

I.

On June 7, 1983, a grand jury indictment was returned charging Bagby with the offenses of first-degree rape and second-degree burglary, and with being a second-degree persistent felony offender. He was found guilty of the charges following a jury trial. His convictions were affirmed by the Kentucky Supreme Court.

Bagby then filed a *pro se* petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky, in which he advanced the same grounds for relief which had been urged in the Kentucky Supreme Court as the basis for reversal of his convictions. This court appointed counsel for Bagby's appeal from the district court's denial of his petition.

Counsel raised the following issues on appeal: (1) whether his right to due process under the Fourteenth Amendment to the United States Constitution was violated when the state court refused to instruct the jury on the lesser included offense of first-degree sexual abuse; (2) whether his privilege against self-incrimination was violated when the state court allowed comments at trial concerning his failure to

---

* The Honorable Albert J. Engel became Senior Circuit Judge on October 1, 1989.

testify; and (3) whether due process was violated when the state court permitted the prosecuting witness to refer to petitioner's photograph in a "mug book."

## II.

When Bagby appealed to the Kentucky Supreme Court, he contended that the trial court denied him due process of law when it refused his request for a first-degree sexual abuse instruction.

The Kentucky Supreme Court rejected that contention, noting that "Bagby, under the facts of this case, was not entitled to a sexual-abuse instruction." The district court also rejected that contention, noting that "instructions which are correct as a matter of state law do not lend themselves to habeas review."

There are two theories that might support Bagby's contention that his claim is cognizable by a federal court sitting in habeas corpus review of the conduct of the trial in a state criminal case:

FIRST, that the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the giving of an instruction on a lesser included offense where the instruction is supported by the evidence in the case. If the Constitution imposes this requirement on the conduct of state criminal trials, then a defendant would be entitled to relief if the Kentucky standard for giving instructions on lesser included offenses does not comport with federal constitutional standards. And, even if it does, a writ would still issue if Kentucky courts erred by incorrectly applying the proper standard when considering Bagby's request for the instruction.

Bagby does not contend that Kentucky's standard is constitutionally inadequate. That is understandable, since Kentucky law, in conformity with the universal rule, affords a defendant a lesser included offense instruction if the evidence in the case warrants a finding of guilt of the lesser included offense. *Reed v. Commonwealth*, 738 S.W.2d 818, 822–23 (Ky.1987). That standard comports with federal standards. *See Hopper v. Evans*, 456 U.S. 605, 612, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982).

He does, however, contend that the standard was erroneously applied to his request. If it is the Constitution that requires that state juries be instructed on lesser included offenses where the instructions are supported by the evidence in the case, then, in its review of the conduct of a state trial, a federal habeas corpus court owes no deference to a state court's determination that a lesser included offense instruction was not warranted under the facts of the case, since the federal district court will be functioning no differently than would a federal appellate court reviewing a federal conviction. That was the aftermath of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which held that proof beyond a reasonable doubt is a federal constitutional requirement applying to state criminal trials. A federal court sitting in habeas corpus review of a state criminal trial is to apply the usual standard of review for sufficiency of evidence that applies to the review of a federal criminal trial—whether a rational trier of the facts could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

In the context of requested jury instructions, federal courts, sitting in habeas corpus review, would be called upon to assure the accuracy of state court determinations of the offenses fairly encompassed within the purview of the evidence adduced at trial.

SECOND, that even if the giving of instructions on lesser included offenses is not mandated by the Constitution, nevertheless, in Bagby's case, Kentucky courts so manifestly and flagrantly violated their own clearly stated law in refusing his requested instruction, that he was denied due process of law in violation of the Fourteenth Amendment. If Bagby's claim is cognizable upon this basis by a federal court sitting in habeas corpus review, then it seems to us that considerable deference is due state courts in the application of their own law.

■ That is because where, as here, the highest court of a state has reviewed a defendant's request for a lesser included offense instruction and concluded that it is not warranted by the evidence elicited at trial, that conclusion is axiomatically correct, as a matter of state law. Accordingly, the circumstances that would induce a federal court to overturn the state court determination would need to be extraordinary, indeed. A panel of this court said as much, in an opinion relied upon by the district court in denying Bagby's petition, *Pilon v. Bordenkircher,* 593 F.2d 264 (6th Cir.), *vacated on other grounds,* 444 U.S. 1, 100 S.Ct. 7, 62 L.Ed.2d 1 (1979):

> [E]ven if we assume that the failure to give a requested lesser included offense instruction could ever be cognizable in a habeas corpus proceeding, such failure clearly does not rise to the level of constitutional error when the failure was correct as a matter of state law.[4]
>
> . . . .
>
> 4. Inasmuch as the highest court of Kentucky expressly held that the state trial court did not err in refusing to give the requested lesser included offense instruction, the refusal was necessarily correct as a matter of state law. It would be an extremely rare case in which a federal court could conclude that a state court committed an error under state law. Indeed, if the case has been reviewed by the state's highest court it would be impossible to find an error of state law if that court did not. (It would be conceivable to find an error of state law if a state trial court ignored clearly controlling precedent—but we need not decide the question.) It would thus be equally rare for a federal court to be able to grant habeas corpus relief because of an "erroneous" refusal to give a lesser included offense jury instruction. The issue would instead be whether state law on the matter violated due process.

*Id.* at 267 & n. 4.

Accordingly, since it is not the function of a federal habeas court to correct errors in state law, we would not be warranted in setting aside Bagby's conviction except under the most unusual circumstances. One circuit court of appeals has said that we should not intervene unless failure to give the instructions amounts to a fundamental miscarriage of justice likely to have resulted in the conviction of an innocent person. *Nichols v. Gagnon,* 710 F.2d 1267, 1269 (7th Cir.1983), *cert. denied,* 466 U.S. 940, 104 S.Ct. 1918, 80 L.Ed.2d 465 (1984).

While it is conceivable, then, that under this second theory a claim like Bagby's might be cognizable upon federal habeas corpus review where a fundamental miscarriage of justice is found to have resulted from the arbitrary and unsupportable denial of a lesser included offense instruction in clear defiance of state law, those clearly are not the circumstances of this case. That is attested to by the fact that five members of the en banc court conclude that the instruction was not warranted by the facts in evidence, and four members of the court feel it was. In other words, since a close question is presented on the facts, under this second theory of cognizability, the state determination must stand.

### III.

We return then to the one argument which, if resolved in Bagby's favor, could bring him the habeas corpus relief he seeks: that in noncapital cases, the Constitution requires state courts to instruct the jury on lesser included offenses where the instruction is supported by the evidence.

In *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the Supreme Court afforded state defendants in capital cases the protection of entitlement to instructions on lesser included offenses, when the instructions are supported by the evidence. Beck was sentenced to death after a jury found him guilty of the capital offense of " '[r]obbery or attempts thereof when the victim is intentionally killed by the defendant.' " *Id.* at 627, 100 S.Ct. at 2384 (quoting Ala.Code § 13–11–2(a)(2) (1975)). He maintained that, during the course of a robbery, his accomplice had unexpectedly killed the victim and that, therefore, he was entitled to an instruction on felony murder, a noncapital crime.

Since, under Alabama law, the intent to kill required in the capital offense could not be supplied by the felony murder doctrine, traditional criminal law concepts would recognize felony murder as a lesser included offense to the charged capital crime. However, an Alabama statute specifically precluded any lesser included offense instruction in capital cases. Ala.Code § 13–11–2(a) (1975). Accordingly, the jury was not given the option to convict of a noncapital crime; instead, it was instructed that it could either acquit Beck, or it could convict him of the capital offense, in which case it was required to impose the death penalty.

The Supreme Court granted certiorari to address a carefully framed question:

"May a sentence of death constitutionally be imposed after a jury verdict of guilt of a capital offense, when the jury was not permitted to consider a verdict of guilt of a lesser included noncapital offense, and when the evidence would have supported such a verdict?"

*Id.* at 627, 100 S.Ct. at 2384 (quoting *Beck v. Alabama,* 444 U.S. 897, 100 S.Ct. 204, 62 L.Ed.2d 132 (1979)). The Court answered that "[w]e now hold that the death penalty may not be imposed under these circumstances." *Id.* 447 U.S. at 627, 100 S.Ct. at 2384.

The Court reasoned:

[W]hen the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense—but leaves some doubt with respect to an element that would justify conviction of a capital offense—the failure to give the jury the "third option" of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction.

*Id.* at 637, 100 S.Ct. at 2389. Apparently, it was the risk of an unwarranted conviction where the death penalty is imposed that the Court found intolerable. That is because "there is a significant constitutional difference between the death penalty and lesser punishments[.]" *Id.* (citing *Gardner v. Florida,* 430 U.S. 349, 357–58, 97 S.Ct. 1197, 1204–05, 51 L.Ed.2d 393 (1977)). Ac-

cording to the Court, failing to give the jury a "third option" when it is warranted by the evidence, enhances the risk that a capital defendant will be sentenced to death because of caprice or emotion, and not on the basis of reason. *Id.* 447 U.S. at 638, 100 S.Ct. at 2390. It was for that reason that Alabama was "constitutionally prohibited from withdrawing that option from the jury in a capital case." *Id.* A fully instructed jury might have convicted on the noncapital offense, and "the judge would not have the opportunity to impose the death sentence." *Id.* at 645, 100 S.Ct. at 2393.

The issue was revisited by the Supreme Court in two subsequent cases. In *Hopper,* 456 U.S. 605, 102 S.Ct. 2049, in the course of its opinion holding that a capital defendant is entitled to a lesser included offense instruction only when there is evidence to support it, the Court noted that its holding in *Beck* was limited to the question submitted on certiorari. 456 U.S. at 610, 102 S.Ct. at 2052. The Court further stated that "[o]ur holding in *Beck,* like our other Eighth Amendment decisions in the past decade, was concerned with insuring that sentencing discretion in capital cases is channeled so that arbitrary and capricious results are avoided." *Id.* at 611, 102 S.Ct. at 2052 (citations omitted).

In *Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), the Court determined that, when a capital defendant refuses to waive the statute of limitations on lesser included crimes, he is not entitled to lesser included instructions on them. *Id.* at 456–57, 104 S.Ct. at 3160–61. The Court reaffirmed its "commitment to the demands of reliability in decisions involving death," *id.* at 456, 104 S.Ct. at 3160, and reasoned that the reliability of those decisions would be undermined if a jury were given a lesser included offense instruction upon which the defendant could not be convicted.

It appears to us that the Supreme Court's opinion in *Beck* is grounded upon Eighth Amendment concerns, rather than those arising from the Due Process Clause of the Fourteenth Amendment. If we are

correct in that assessment, then we are not required to extend *Beck* to noncapital cases. Instead, we must determine whether the error asserted by Bagby is of the character or magnitude which should be cognizable on collateral attack. Is the failure to instruct on lesser included offenses in noncapital cases such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure? *See Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Experience tells us that it is not.

■ Our view, that it is not an error of such character and magnitude to be cognizable in federal habeas corpus review, is shared by a majority of the circuits. *See, e.g., Chavez v. Kerby*, 848 F.2d 1101 (10th Cir.1988); *Perry v. Smith*, 810 F.2d 1078 (11th Cir.1987); *Alexander v. McCotter*, 775 F.2d 595 (5th Cir.1985); *Nichols v. Gagnon*, 710 F.2d at 1269; *James v. Reese*, 546 F.2d 325 (9th Cir.1976); *DeBerry v. Wolff*, 513 F.2d 1336 (8th Cir.1975); *but cf. Vujosevic v. Rafferty*, 844 F.2d 1023 (3d Cir.1988).

### IV.

Bagby has also suggested that his privilege against self-incrimination, as protected by the Fifth and Fourteenth Amendments to the United States Constitution, was violated as the result of prosecutorial comments regarding his failure to testify. There were two instances where he claims that the prosecution improperly referred to his failure to testify. In the first, the prosecuting witness testified as follows on direct examination:

Q. Did you do anything that, what did you do that might have implied permission if anything like this happen or not do?

A. I didn't, I had never seen him before, he came barreling through the window. He knew what he was going to do before he came through that window and he did it and he admitted it. He just won't admit it now.

In the second instance, the prosecutor made these remarks during closing argument:

Remember, about, it's uncontradicted that testimony about what happened there. We have to assume on what Cindy said. Mr. Goff's [sic] and I agree on that cause all of that went uncontradicted about what happened in that house. You know the testimony is [sic].

We will address the latter remark first. Because defense counsel did not object at the time, the state contends that Bagby is precluded by procedural default from challenging the propriety of the comment on collateral review. *See Raper v. Mintzes*, 706 F.2d 161, 163–64 (6th Cir.1983).

In *Harris v. Reed*, —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), decided after the panel's decision in this case, the Supreme Court announced that the "plain statement rule" of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), applies to federal habeas corpus review of state convictions, and governs whether or not a state court decision rests on an adequate and independent state ground, so as to preclude the habeas court from reaching federal questions. In Bagby's appeal, the Kentucky Supreme Court merely observed that his "other assertions of error are either without merit or not preserved for appellate review." Because that statement does not clearly and expressly evidence the state court's reliance upon procedural default, an adequate and independent state ground, as the basis for denying Bagby's appeal, we must address the federal question Bagby raises concerning the second comment.

■ Prosecutorial comment on a defendant's failure to testify can form the basis for habeas corpus relief. *Griffin v. California*, 380 U.S. 609, 612–15, 85 S.Ct. 1229, 1232–33, 14 L.Ed.2d 106 (1965); and *Raper*, 706 F.2d at 164–67. The protections accorded a defendant extend to indirect as well as direct comments. *Id.* at 164. Where, as here, the comments are of an indirect nature, automatic reversal is not warranted; instead, we must determine whether the comments were manifestly in-

tended by the prosecutor as a comment on the defendant's failure to testify or were of such a character that the jury would naturally and reasonably take them to be comments on the failure of the accused to testify. *Spalla v. Foltz*, 788 F.2d 400, 404 (6th Cir.), *cert. denied*, 479 U.S. 935, 107 S.Ct. 410, 93 L.Ed.2d 362 (1986). Only then will the indirect comment amount to constitutional error.

■ The prosecution's comment easily can be construed as having been made in response to defense counsel's argument that certain evidence disputed the victim's testimony. Viewed in that context, one cannot say that the prosecutor's comments were manifestly intended to reflect upon the accused's silence, or that the jury would naturally and necessarily take them as such.

■ Regarding the first instance, we conclude that Bagby's due process rights were not violated. In the interests of economy, our reasons for doing so will not be restated here, as they are to be found in the vacated panel decision, 853 F.2d at 1347.

## V.

In his final argument, Bagby claims that his due process rights were violated when a prosecution witness referred to his photograph in a "mug book" while testifying. Upon the same reasoning identified in the vacated panel decision, we remain "unconvinced that the victim's brief reference to a mug book ... rendered petitioner's trial fundamentally unfair and violated due process." *Id.* at 1346.

For the foregoing reasons, the order of the district court denying petitioner's writ of habeas corpus is affirmed.

1. The state suggested that if an included offense instruction should be given, it should be attempted rape. Had that been agreed to by petitioner, it would have been given.

2. Interestingly, none of the courts that have held that a defendant had a constitutional right to an included offense instruction have found

KENNEDY, Circuit Judge, joined by MERRITT, C.J., MILBURN, RALPH B. GUY, Jr. and RYAN, JJ., concurring.

The trial judge refused to give an instruction on the lesser included offense of sexual abuse in the first degree on the grounds that the evidence didn't warrant it. The Supreme Court of Kentucky affirmed, holding that petitioner as a matter of state law was not entitled to the instruction under the facts of this case. The victim testified that defendant twice forced her to have sexual intercourse and that penetration occurred both times. Her testimony regarding penetration is unequivocal. The testimony regarding the effect of intoxication and the absence of evidence of genital trauma did not impeach the victim's testimony but was consistent with it.

The doctor testified that penetration could have occurred without evidence of such trauma. The only evidence as to the degree of intoxication of the perpetrator of the rape was the victim's, and she testified that, although intoxicated, defendant was capable of penetration. To allow the jury to conclude that defendant had sexual contact by forcible compulsion with the victim but had not raped her, or attempted to rape her,[1] would be to permit a verdict based on speculation. There is no basis on which reasonable jurors could doubt that defendant was guilty of rape yet conclude he was guilty of first degree sexual abuse. To find either one, they would have to accept the victim's testimony. If they did, they would have to find rape. Defendant did not argue lack of penetration. Instead, he offered an alibi defense.

The evidence did not warrant an included offense instruction on first degree sexual abuse. I would therefore not reach the constitutional issue.[2]

I concur in parts IV and V of Judge Norris' opinion.

that the defendant was entitled to the instruction on the facts of the case before them. *See, e.g., Prather v. Rees*, 822 F.2d 1418, 1422–24 (6th Cir.1987); *Ferrazza v. Mintzes*, 735 F.2d 967, 968 (6th Cir.1984); *Bishop v. Mazurkiewcz*, 634 F.2d 724, 725 (3d Cir.1980), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3053, 69 L.Ed.2d 421 (1981).

WELLFORD, Circuit Judge,
concurring:

Judge Norris has set out the procedural
background of this case presented to us on
appeal from the district court's denial of
Bagby's petition for a writ of habeas cor-
pus. We are primarily concerned with the
trial judge's refusal to give a requested
instruction on the lesser included offense,
sexual abuse in the first degree, in addition
to the rape instruction in this case. The
jury found Bagby guilty of rape as
charged.

The district judge, an experienced Ken-
tucky jurist who served many years as a
state trial judge, found the controverted
instructions "correct as a matter of state
law." He cited *Pilon v. Bordenkircher,*
593 F.2d 264 (6th Cir.), *vacated and re-
manded on other grounds,* 444 U.S. 1, 100
S.Ct. 7, 62 L.Ed.2d 1 (1979), as holding that
"failure to give a requested lesser-included
offense instruction ... clearly does not rise
to the level of constitutional error when the
failure was correct as a matter of state
law." 593 F.2d at 267. He noted also that
"the highest court of Kentucky expressly
held that the state trial court did not err in
refusing to give the requested lesser in-
cluded offense instruction." I do not find
any error in this conclusion.

Shortly after this court decided *Pilon,*
however, the Supreme Court invalidated on
due process grounds an Alabama law
which forbade the jury to consider a verdict
of guilt of a lesser included offense in a
capital case when the evidence would have
supported such a verdict. *Beck v. Ala-
bama,* 447 U.S. 625, 100 S.Ct. 2382, 65
L.Ed.2d 392 (1980). *See also Hopper v.
Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049,
2052, 72 L.Ed.2d 367 (1982) (holding that
*Beck* requires that a lesser included of-
fense instruction be given when the evi-
dence warrants such an instruction as a
matter of due process in a capital case).

*Beck* was concerned with imposition of
the death sentence and a statutory prohibi-
tion which precluded "giving the jury an

option of convicting the defendant [charged
with capital murder] of a lesser included
offense." 447 U.S. at 628, 100 S.Ct. at
2385. The Supreme Court noted that the
challenged Alabama statute involving impo-
sition of a death penalty, was "unique in
American criminal law." *Id.* at 635, 100
S.Ct. at 2388. It observed further that
state courts which addressed the issue
"have unanimously held that a defendant is
entitled to a lesser included offense instruc-
tion where the evidence warrants it." *Id.*
at 636, 100 S.Ct. at 2389.[1] This was a
settled principle of common law not of con-
stitutional significance. The Court con-
cluded in *Beck* that despite the fact that it
had "never held that a defendant is entitled
to a lesser included offense instruction as a
matter of due process, ... [t]hat safeguard
would seem to be especially important in a
case such as this ... in which the defen-
dant's life is at stake." *Id.* at 637, 100
S.Ct. at 2389.

The holding in *Beck* was that the Ala-
bama statute was unconstitutional because
it had essentially the same flaws as the
North Carolina death penalty statute
struck down in *Woodson v. North Car-
olina,* 428 U.S. 280, 96 S.Ct. 2978, 49
L.Ed.2d 944 (1976). As observed before,
Chief Justice Burger described *Beck* as
holding "that the *sentence of death* could
not be imposed after a jury verdict of guilt
of a *capital offense,* when the jury was not
permitted to consider a verdict of guilt of a
lesser included noncapital offense, provided
that the evidence would have supported
such a verdict." *Hopper v. Evans,* 456
U.S. 605, 609, 102 S.Ct. 2049, 2051, 72
L.Ed.2d 367 (1982) (emphasis added). "Our
opinion in *Beck* stressed that the jury was
faced with a situation in which its choices
were only to convict the defendant and
*sentence him to death* or find him not
guilty." *Id.* at 609, 102 S.Ct. at 2051 (em-
phasis added).

I am not persuaded that *Beck* and *Hop-
per,* considered in context, may properly be
read to hold that in a noncapital case as a

1. *Martin v. Commonwealth,* 571 S.W.2d 613
(Ky.1978), was cited as supporting this proposi-
tion. Alabama was noted as following this gen-

eral rule in noncapital cases "under appropriate
circumstances." 447 U.S. at 637 n. 12, 100 S.Ct.
at 2389 n. 12.

matter of constitutional due process requirement, a lesser included offense instruction must be given by a state court.

Since I find no constitutional mandate for including the lesser included offense charge, even if found warranted by the evidence, I would affirm the decision of the district court. I therefore concur in Part III of Judge Norris' opinion.

Even if I were persuaded that *Beck* and *Hopper*, and some decisions of this court,[2] indicated constitutional due process concerns in this kind of case, I would affirm the decision for the reason that the evidence in this case does not mandate the charge.

I concur also in parts IV and V of the opinion of Judge Norris, and agree that other asserted errors do not mandate a setting aside of Bagby's conviction.

BOYCE F. MARTIN, JR., Circuit Judge, dissenting.

Throughout my consideration of this case, I have felt that the issue was whether or not the petitioner, Johnny Ray Bagby, received a fair trial. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955) (Black, J.). Certainly, under the facts of this case, Johnny Ray Bagby committed an offense. I recognize that offenses are defined by the state and may be enforced without constitutional problems so long as they are enforced within the limits of due process. The difficulty with this case is whether or not the lesser-included offense instruction, which was requested and denied, should have been given.

As Judge Norris points out, in *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the United States Supreme Court held that in capital cases, a state court must give instructions on lesser-included offenses which are supported

by the evidence. In *Hopper v. Evans*, 456 U.S. 605, 611, 102 S.Ct. 2049, 2052, 72 L.Ed.2d 367 (1982), the Court clarified *Beck* in a habeas petition from a capital conviction, holding that due process requires that a lesser-included offense instruction be given only when the evidence warrants such an instruction. I agree with Judge Contie that the plurality's analysis, that "the Supreme Court's opinion in *Beck* is grounded upon Eighth Amendment concerns, rather than those arising from the due process clause of the Fourteenth Amendment," is incorrect.

The extreme nature of capital cases requires greater judicial vigilance to ensure that a defendant receives every available protection of the law. However, the fact that an appeal or a habeas petition involves a capital case does not mean that this or any other court's analysis is guided solely by the eighth amendment. The plurality's position is that, because *Beck* and *Hopper* involve capital defendants, the analysis of whether defendants are entitled to lesser-included offense instructions revolves solely around the eighth amendment and the death penalty. This analysis is convenient, but superficial. That reasoning would result in the curious doctrine that capital defendants have eighth amendment rights, but not due process rights. As the Court noted in *Hopper*, "On the facts shown in *Beck*, we held that the defendant was entitled to a lesser-included offense instruction as a matter of *due process*." *Hopper*, 456 U.S. at 609, 102 S.Ct. at 2051 (emphasis supplied). Again, in *Hopper*, the Court emphasized that due process requires instructions only where the evidence warranted it. *Id.* at 611, 102 S.Ct. at 2052.

The concern that motivated the Court to rule that due process requires instructions on lesser-included offenses where warranted by the evidence was recently reiterated by the Court in *Schmuck v. United States*,

---

**2.** To the extent that the dissenters rely on *Prather v. Rees*, 822 F.2d 1418 (6th Cir.1987), it should be noted that in that case, "[b]oth parties *agree* that the refusal to give a lesser included offense instruction is a constitutional violation only if the petitioner were entitled to the instruction as a matter of state law." It is evident that the prosecution in that case for some reason conceded the issue now under consideration; perhaps because it was clear in any event that Prather was not entitled to the lesser included offense instruction under state (and federal) law. I would reaffirm, then, our prior decision in *Pilon, supra*.

—— U.S. ——, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). In *Schmuck*, the Court addressed what constituted a lesser-included offense under Rule 31(c) of the Federal Rules of Criminal Procedure in a case where the defendant had requested a lesser-included offense instruction under Rule 31(c). The Court noted that Rule 31(c) protected the defendant, as well as the prosecution:

> Of course, it is now firmly established that Rule 31(c)'s provision for lesser offense instructions benefits the defendant as well. The Court recognized in *Keeble v. United States* [412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) ], that where the jury suspects that the defendant is plainly guilty of *some* offense, but one of the elements of the charged offense remains in doubt, in the absence of a lesser offense instruction, the jury will likely fail to give full effect to the reasonable doubt standard, resolving its doubts in favor of conviction. 412 U.S. at 212–213, 36 L.Ed.2d 844, 93 S.Ct. 1993 [1997–1998]. The availability of a lesser included offense instruction protects the defendant from such improper conviction.

*Schmuck*, —— U.S. ——, 109 S.Ct. at 1451, 103 L.Ed.2d at 747.

Although Rule 31(c) applies only to criminal proceedings in federal court, the absence of a third option, a lesser-included offense instruction, was clearly a factor in the Court's constitutional decision in *Beck*. *Beck*, 447 U.S. at 642–645, 100 S.Ct. at 2392–2394. This analysis is also supported by the Third Circuit's consideration of the issue we decide today. In *Vujosevic v. Rafferty*, 844 F.2d 1023 (3d Cir.1988), the court reasoned:

> In capital cases, a court must give a requested instruction on lesser included offenses where it is supported by the evidence. *Beck v. Alabama*. This court applies that requirement to non-capital cases as well. This requirement is based on the risk that a defendant might otherwise be convicted of a crime more serious than that which the jury believes he committed simply because the jury wishes to avoid setting him free. *See Keeble v. United States*, 412 U.S. 205, 212–213, 93

S.Ct. 1993, 1997–1998, 36 L.Ed.2d 844 (1973).

*Vujosevic*, 844 F.2d at 1027 (citations omitted). In short, the requirement that lesser-included offenses be given where warranted by the evidence is grounded in due process, in a concern for the fairness of the proceeding.

I have read the record in this case closely, and I am confident that Johnny Ray Bagby was entitled to an instruction on the lesser-included offense of first degree sexual assault. I believe the evidence warrants a jury instruction on not only first degree rape, Ky.Rev.Stat. Ann. 510.040, but on the lesser-included offense of sexual abuse in the first degree, Ky.Rev.Stat. Ann. 510.110, as well. As Judge Contie so eloquently points out, Johnny Ray Bagby, as unfortunate as his social demeanor may be, is entitled to a fair trial. Despite his "unfortuitous" position of not being charged with a capital crime under the plurality's analysis, the stakes for Johnny Ray Bagby are nevertheless high. His conviction for first degree rape, a class B felony, carries a 10 to 20 year sentence, whereas a conviction for first-degree sexual assault, a class D felony, carries a 1 to 5 year sentence. *See* Ky.Rev.Stat. Ann. 532.020. This disparity in terms of incarceration highlights the central issue of fairness in this case and the oversimplification of making a death-penalty based distinction on this issue.

In the absence of the warranted lesser-included offense instruction:

> it is pure speculation to forecast what verdict the jury would have returned if properly instructed based on the jury's verdict ... after an incomplete instruction. Accordingly, we cannot say that the trial court's constitutional error was harmless beyond a reasonable doubt.

*Vujosevic*, 844 F.2d at 1028 (footnote omitted).

The plurality is concerned with a docket swamped with habeas petitions if we were to rule that defendants in noncapital trials have a due process right to lesser-included offense instructions. Although I too share

a concern with docket management, I feel that such concerns are inappropriate in the consideration of habeas petitions. Such a justification for not hearing habeas petitions involving the fundamental fairness of criminal trials should be addressed to other tribunals. In the absence of congressional action affecting our jurisdiction, such as the recent amendment of the money damages requirement for federal court diversity jurisdiction, or a United States Supreme Court decision like *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), limiting our habeas review, or implementation of the recommendations of the Judicial Conference's Ad Hoc Committee Report on Federal Habeas Corpus in Capital Cases, we should not foreclose our scrutiny of state court decisions based on an increased docket load for ourselves and the district courts.

As I stated at the beginning, I felt this case presented a real issue as to whether or not the state had determined fairly that the offense charged was the offense for which the petitioner Bagby was convicted. After consideration, I now feel that Bagby's constitutionl right to a fair trial was abridged and that his petition for habeas corpus should be granted with the alternative that the state be allowed to retry on this offense only within a reasonable time after the issuance of our order.

CONTIE, Senior Circuit Judge, joined by KEITH and NATHANIEL R. JONES, JJ., dissenting.

I adhere to the views expressed in the original panel opinion in the instant case, which is reported at 853 F.2d 1340. Accordingly, I respectfully dissent.

The original panel decision held that a state court's failure to instruct the jury on lesser included offenses, even in a non-capital case, raises a constitutional question that is cognizable on habeas corpus review. Based upon the Supreme Court's opinions in *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and *Hopper v. Evans*, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), the original panel held that "failure to give a requested instruction [of a lesser included offense] could deprive the defendant of the fundamental right to a fair trial secured by the fourteenth amendment." 853 F.2d at 1342. The majority today concludes that "the Supreme Court's opinion in *Beck* is grounded upon Eighth Amendment concerns, rather than those arising from the Due Process Clause of the Fourteenth Amendment." I disagree.

In *Beck* the Supreme Court held that the death sentence may not constitutionally be imposed after a jury verdict of guilty of a capital offense where the jury was not permitted to consider a verdict of guilty of a lesser included offense. 447 U.S. at 633–46, 100 S.Ct. at 2387–94. Two years later, in *Hopper,* the Supreme Court revisited the issue in a habeas case, which posed the following question:

[W]hether ... a new trial is required in a capital case in which the defendant's own evidence negates the possibility that ... an instruction [on a lesser included offense] might have been warranted.

456 U.S. at 606, 102 S.Ct. at 2050.

The Court concluded:

*Beck* held that due process requires that a lesser included offense instruction be given when the evidence warrants such an instruction. But due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction.

*Id.* at 611, 102 S.Ct. at 2052. I believe that although *Beck* and *Hopper,* as capital cases, required a heightened scrutiny of what process is due, the dispositive issue was whether the failure to give the lesser included offense instruction made the trial fundamentally unfair.

I continue to adhere to the view that due process is the appropriate analysis and that the lesser included offense instruction rule of *Beck* and *Hopper* applies to non-capital as well as to capital cases. This court has consistently applied the rationale of *Beck* and *Hopper* in non-capital cases. *See, e.g., Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988); *Prather v. Rees*, 822 F.2d 1418 (6th Cir.1987); *Bennett v. Scroggy*, 793 F.2d 772 (6th Cir.1986); *Ferrazza v. Mintzes*, 735 F.2d 967 (6th Cir.1984). In these cases, this court found that the evidence did not

warrant the giving of a lesser included offense instruction. However, as stated in *Prather*, if the evidence had warranted it, the constitution would require the giving of the lesser included offense instruction.

Thus, if a reasonable jury, on the evidence presented, could have convicted Prather of attempted second-degree (unarmed) robbery and acquitted him of the attempted first-degree (armed) robbery charge, then Prather's constitutional rights were violated when the trial court refused to give the lesser-included offense instruction and the habeas writ should issue.

822 F.2d at 1423. I believe that it is consistent with previous pronouncements of this court to find that due process requires the giving of a lesser included offense instruction when warranted by the evidence in a non-capital case.

The original panel majority also held that a lesser included offense instruction was warranted under the circumstances of the instant case. Analogizing this case to *Reed v. Commonwealth*, 738 S.W.2d 818 (Ky.1987) and *Blankenship v. Commonwealth*, 311 Ky. 338, 224 S.W.2d 152 (1949), the original majority found that several facts support this conclusion.

In the instant case, although petitioner did not take the stand himself, he presented an alibi defense. The victim testified on direct examination as follows with respect to the question of penetration:

Q. Had you as far as any injury that you, no, let me ask you first, was there any penetration, did he, tell what happened about the sexual act.

A. Yes, he had intercourse with me. Yes he did.

. . . .

Q. Alright, now the second time on the bed was there any penetration at that time?

A. Yes, he was trying, he was drunk.

Q. Now, when you say he was trying because, was he trying for penetration or do you—

A. He was trying[.]

Q. Well did he actually insert his penis inside?

A. Yes.

Q. Is there any doubt in your mind?

A. No.

On redirect examination she testified as follows:

Q. I realize the statement that you said, you know, that you were afraid, I mean, even his condition, do you know, was it a normal intercourse act or—

A. I don't know. I haven't had sex enough to tell you what exactly.

Q. Well, is there any doubt that he did have his penis inside of you?

A. There is no doubt.

Dr. Shipp, the doctor who examined the victim after the incident also testified at trial. On direct examination, he stated that he could not say technically that intercourse did or did not take place. He stated that judging from a slide he made it would appear that ejaculation in the vagina had not taken place. Dr. Shipp also testified concerning the effects of alcohol on a man's ability to perform sexually:

Q. Doctor in your medical studies, you know, in medical school and residency and also in your specialty [sic] can you state with any degree certainity [sic] as to the affects [sic] of alcohol on a man's ability to ejaculate if he's under the influence?

A. Yes, it's a well know [sic] fact that somebody, a man that's been drinking say, or not necessarily intoxicated but just had several drinks, a it [sic] cuts down on the chances, the chances of ejaculation and also performance as far as actually achieving erection and so on. Alcohol directly affects that. It can depend on the amount that, a few drinks, a person could still perform but may or may not ejaculate. A person who is intoxicated can not perform at all.

Q. Depending on the degree of a persons [sic] ability, if they had a certain amount they might have an erection but have intercourse but have no ejaculation but then at some point and time they wouldn't even be able to have an erection.

A. If they were intoxicated enough. On Cross-examination, Dr. Shipp testified that the victim sustained no genital trauma.

Police Officer Shirley Carter testified that the lab analyses of the rape kit and the victim's clothes were negative.

*Reed* and *Blankenship* make it clear that Kentucky law requires petitioner in the instant case to have received a jury instruction on first-degree sexual abuse. The victim's testimony concerning the act of penetration was equivocal. Additionally, none of the experts were able to opine that penetration had occurred. Dr. Shipp's testimony on the effects of alcohol on a man's ability to perform sexually and the negative results of the lab analyses raise further doubt on the question of penetration. Therefore, the state court should have given an instruction on the lesser offense of first-degree sexual abuse.

853 F.2d at 1344-45.

I remain convinced that the facts of the instant case warranted a lesser included offense instruction. The victim's equivocal testimony constituted the only evidence of penetration. Several examinations and procedures performed by police and various health care professionals were unable to corroborate the victim's testimony. Finally, petitioner introduced evidence of his intoxication and of the debilitating effect which intoxication may have on the ability to perform sexually.

For the foregoing reasons, I would reverse the district court's judgment insofar as it relates to petitioner's conviction of first-degree rape and remand this case to the district court with instructions to issue the writ of habeas corpus unless the Commonwealth of Kentucky grants Bagby a new trial within a reasonable time.[1]

---

1. I would affirm the district court's judgment insofar as it relates to petitioner's conviction of second-degree burglary and conviction under the persistent felony offender sentencing statute for the reasons stated in the original panel opinion.