919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. JONES, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 90-5316.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald L. Jones, a Kentucky prisoner proceeding without benefit of counsel, appeals from the order of the district court dismissing his petition for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The only issue raised on appeal is whether Jones was denied due process of law by the trial court's refusal to instruct the jury on assault under extreme emotional disturbance.
 
 
 3
 This case was submitted to a magistrate who found the assault under extreme emotional disturbance instruction inappropriate for federal habeas corpus review since the Kentucky Supreme Court found it to have been properly refused. The district court adopted the magistrate's report and recommendation over Jones's objections.
 
 
 4
 Upon review, we find no error. In order for habeas corpus relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; taken as a whole, they must so infect the entire trial that the resulting conviction violates due process. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Here the highest court of Kentucky held that the trial court did not err in refusing to give the instruction requested by petitioner. It is not the function of a federal habeas court to correct errors in state law except under the most unusual circumstances. Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir.), cert. denied, 110 S.Ct. 2626 (1990). We find no such unusual circumstances in this case.
 
 
 5
 Accordingly, we hereby affirm the order of the district court dismissing Jones's petition for habeas relief for the reasons set forth in the magistrate's proposed findings of fact and recommendation dated January 26, 1990, as adopted by the district court pursuant to its order dated February 13, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.