928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie JACOBS, Petitioner-Appellant,
v.
Terry L. MORRIS, Warden, Respondent-Appellee.
 No. 90-3756.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1991.
 
 N.D.Ohio, No. 89-00250; Ann Aldrich, J.
 
 N.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before MILBURN and BOGGS, Circuit Judges, and DEMASCIO, Senior District Judge.*
 
 ORDER
 
 3
 Willie Jacobs appeals from the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Jacobs also moves for appointment of counsel on appeal. A certificate of probable cause was granted by the district court on August 31, 1990.
 
 
 4
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In January of 1986, a jury convicted Jacobs of aggravated murder, and he was sentenced to a term of life imprisonment to be served consecutively with three years of actual incarceration for a gun specification. It is not disputed that Jacobs has exhausted his remedies in the state of Ohio.
 
 
 6
 In his petition for a writ of habeas corpus, Jacobs alleged: 1) he was denied due process and a fair trial by the trial court's refusal to allow into evidence a prior inconsistent statement made by a witness for the prosecution; 2) he was denied a fair trial by certain improper arguments made by the prosecution; 3) he was denied due process by the trial court's refusal to instruct the jury on voluntary manslaughter, a lesser included offense of the charge of which he was convicted; 4) he was denied due process by jury instructions which permitted the jury to make an inference upon an inference concerning the issue of intent; 5) he was denied a fair trial by the court's failure to instruct the jury on the issue of accident in the shooting; 6) he was denied due process of law by a failure to properly instruct the jury of the required specific intent rather than general intent to support his charge and conviction; 7) he was denied due process by a lack of sufficient evidence to support the requisite findings of prior calculation and design and specific intent to kill; 8) he should have been granted a judgment of acquittal based on the insufficient evidence to convict him of the charge; and 9) he was subjected to multiple punishments in violation of his constitutional rights under the double jeopardy clause.
 
 
 7
 The matter was referred to a magistrate who recommended that the petition be denied. The district court adopted the report and denied Jacobs's petition on July 18, 1990. On appeal, Jacobs reasserts the first seven grounds enumerated above.
 
 
 8
 Upon review, this court concludes that the district court properly denied the petition for habeas relief. The trial court's refusal to allow admission of a prior inconsistent statement did not deny Jacobs a fundamentally fair trial and did not deny him due process, as required for an alleged state court evidentiary ruling to support habeas relief. Waters v. Kassulke, 916 F.2d 329, 335 (6th Cir.1990).
 
 
 9
 Secondly, the alleged misstatements by the prosecution do not support a writ of habeas corpus, as the record shows at least three of the four alleged statements were cured by admonitions to the jury. United States v. Frost, 914 F.2d 756, 768 (6th Cir.1990). As to the remaining statement, the alleged improper argument is not so pronounced and persistent that it permeated the entire atmosphere of the trial. United States v. Vance, 871 F.2d 572, 577 (6th Cir.), cert. denied, 110 S.Ct. 323 (1989). When viewed in the context of the entire trial, these relatively isolated comments by the prosecution did not deprive Jacobs a fundamentally fair trial. Donnelly v. DeChristoforo, 416 U.S. 637, 645-47 (1974); United States v. Castro, 908 F.2d 85, 90 (6th Cir.1990).
 
 
 10
 The next four grounds asserted by Jacobs are based on alleged improper jury instructions. However, the petitioner has not shown that the instructions, taken as a whole, were so infirm that they rendered the entire trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Thomas v. Arn, 704 F.2d 865, 868-69 (6th Cir.1983). Jacobs's argument that an instruction should have been given on the lesser included offense of voluntary manslaughter is not cognizable as a ground for relief in this noncapital federal habeas corpus case. Bagby v. Sowders, 894 F.2d 792 (6th Cir.) (en banc) (plurality opinion), cert. denied, 110 S.Ct. 2626 (1990). Other jury instructions that were allegedly omitted were not constitutionally required.
 
 
 11
 Lastly, Jacobs's argument that the evidence was insufficient to support a finding of prior calculation and design is also without merit. After viewing the evidence in a light most favorable to the prosecution, it is possible that a rational trier of fact could have found the essential elements of the crime of aggravated murder beyond reasonable doubt, including the element of prior calculation and design. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Hoffman, 918 F.2d 44, 47 (6th Cir.1990).
 
 
 12
 Accordingly, the petitioner's motion for counsel is denied, and the district court's order filed July 18, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation