933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles HUGHES, Petitioner-Appellant,
v.
Ralph EVITTS, Warden, Fred Cowan, Attorney General,
Respondents-Appellees.
 No. 90-6092.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1991.
 
 1
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Charles Hughes, a pro se Kentucky prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination pursuant to Fed.R.App.P. 34(a), this panel unanimously agrees that oral argument is not necessary.
 
 
 3
 Following a jury trial in March 1988, petitioner was convicted of possession of cocaine and for being a second-degree persistent felony offender. He was sentenced to one year imprisonment for the possession conviction, enhanced to five years imprisonment for being a persistent felony offender.
 
 
 4
 The Kentucky Court of Appeals affirmed the petitioner's conviction on December 19, 1988. After the time for filing a motion for discretionary review had lapsed, Hughes filed a motion with the Kentucky Supreme Court for leave to file a belated motion for discretionary review. This motion was overruled on January 30, 1990. Respondents do not contest that petitioner has adequately exhausted his state remedies.
 
 
 5
 Thereafter, Hughes filed his petition for habeas relief in the district court, alleging improper jury instructions, improper admission of testimony, and the erroneous denial of his Batson equal protection challenge to the make-up of the jury.
 
 
 6
 Following de novo review in light of the petitioner's objections, the district court adopted the magistrate's proposed findings of fact and recommendation and dismissed the petition.
 
 
 7
 In his timely appeal, Hughes reasserts his three claims and requests the appointment of counsel and a transcript at government expense. Both parties have filed briefs.
 
 
 8
 Upon review, we affirm the district court's judgment because the record shows that Hughes was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 9
 A claim for failure to instruct the jury on lesser included offenses in noncapital cases does not warrant habeas relief unless it is an error resulting in a miscarriage of justice or an omission inconsistent with the demands of fair procedure. Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.) (plurality opinion) (en banc), cert. denied, 110 S.Ct. 2626 (1990). Hughes was not entitled to a lesser included offense instruction because possession of drug paraphernalia (Ky.Rev.Stat. Sec. 218A.500) is a separate related offense from possession of cocaine (Ky.Rev.Stat. Sec. 218A.140) and not a lesser included offense. Possession of drug paraphernalia requires an element not required for the greater offense of possession of cocaine.
 
 
 10
 Petitioner's assertion that he was denied due process as a result of Officer Royalty's testimony lacks merit because errors in the application of state law, especially with regard to the admissibility of evidence, are generally not cognizable in federal habeas corpus proceedings unless the error results in a denial of fundamental fairness. Walker v. Engle, 703 F.2d 959, 962 (6th Cir.), cert. denied, 464 U.S. 951 (1983). Here there was no error of state law because the officer limited his testimony to describing petitioner's arms and what he observed on the night of the arrest.
 
 
 11
 Hughes was not denied equal protection under the law when the court dismissed his Batson challenge to the make-up of the jury. Although he is a member of a cognizable racial group and the prosecutor exercised a peremptory challenge against one of the five black veniremen, he has not shown other relevant circumstances giving rise to an inference of purposeful discrimination. See Batson, 476 U.S. 79 (1986); United States v. McCoy, 848 F.2d 743, 745 (6th Cir.1988).
 
 
 12
 Accordingly, we hereby deny the petitioner's requests for appointment of counsel and a transcript at government expense, and affirm the district court's judgment for the reasons stated herein and for those stated in the magistrate's proposed findings of fact and recommendation filed on July 18, 1990, as adopted by the court in its order filed on August 6, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation