972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin MINOR, Petitioner-Appellant,
v.
Harry K. RUSSELL, Supt.; Lee Fisher, Attorney General,
Respondents-Appellees.
 No. 92-3126.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Calvin Minor, through counsel, appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The district court granted a certificate of probable cause in the same order in which it dismissed the petition for habeas relief. The district court also certified that an appeal would be taken in good faith, granting the petitioner leave to appeal in forma pauperis, pursuant to 28 U.S.C. § 1915(a).
 
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In June of 1989, a jury found Minor guilty of three counts of felonious assault with a gun specification, in violation of Ohio Rev.Code § 2903.11. He was sentenced to three consecutive prison terms of eight to fifteen years, to be served consecutively with an additional definite term of three years. In support of his request for habeas relief, Minor has alleged that his conviction was obtained in error because of the trial court's refusal to give a jury instruction for the offense of aggravated assault, when there was sufficient evidence to show serious provocation in order to convict the petitioner of that lesser offense, rather than felonious assault. Minor alleged that he was thereby deprived of a fair trial and "his liberty in violation of the due process clause of the Fifth Amendment."
 
 
 5
 Upon review, this court concludes that the district court's order dismissing the petition should be affirmed, but for reasons other than that stated by the district court. Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Minor's essential argument is that he should have been acquitted on the felonious assault charge and his case have gone forward on the lesser offense of aggravated assault, on the basis of testimony that the appellant's brother, Bruce, had been seriously beaten in an incident occurring prior to the time Calvin committed the assault. Minor alleges that this circumstance constituted the requisite "serious provocation" which would entitle him to an instruction on the inferior offense of aggravated assault, under state law.
 
 
 6
 The trial judge held that the record revealed no evidence whatsoever to support a charge on the lesser offense of aggravated assault. Such rulings by a state's highest court with respect to state law are binding on the federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam). As stated by the Supreme Court, it is not the province of a federal habeas court to reexamine state court determinations on state law questions. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Evidentiary issues under state law and state rules of criminal procedure are thus better left for the state courts to determine and resolve. Estelle, 112 S.Ct. at 480-81.
 
 
 7
 Notwithstanding the fact that the Ohio Supreme Court merely denied discretionary review, the federal courts are bound by decisions of any intermediate state appellate court unless convinced that the highest state court would have decided the issue differently. Olsen v. McFaul, 843 F.2d 918, 933 (1988). A review of the facts in this case supports the trial court's determination that an instruction on the lesser offense was not required, because the evidence did not warrant a finding of guilt on that offense and a acquittal on the greater offense. Therefore, because the evidence did not warrant such an instruction, Minor was not denied due process. Allen v. Morris, 845 F.2d 610, 617 (6th Cir.1988), cert. denied, 488 U.S. 1011 (1989).
 
 
 8
 Because this court is not convinced that the highest state court would have decided the issue differently than the trial judge, and because Minor has not shown that he was denied due process or that any alleged error resulted in a miscarriage of justice or constituted an omission inconsistent with the rudimentary demands of fair procedure, this court need not resolve the constitutional issue presented by the parties within the context of Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (plurality opinion) (en banc), cert. denied, 110 S.Ct. 2626 (1990). See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Minor's allegations of error do not fall within the category of infractions that violate "fundamental fairness," which category the Supreme Court has defined very narrowly. Dowling v. United States, 493 U.S. 342, 352 (1990).
 
 
 9
 Accordingly, the district court's order dismissing this petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation