70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Geoffrey A. DAVIS, Petitioner-Appellant,
v.
STATE of Ohio, Respondent-Appellee.
 No. 95-3527.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: ENGEL, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Geoffrey A. Davis, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On January 10, 1990, Davis was charged with one count of domestic violence. Davis pleaded guilty to the charge and was sentenced to one and one-half years of incarceration. The sentence was suspended and Davis was placed on five years of probation. While on probation, Davis was indicted for aggravated burglary, grand theft, and escape. On April 24, 1991, a jury found Davis guilty of all charges. The trial court sentenced Davis to serve one and one-half years of imprisonment for the escape conviction, and a consecutive seven to twenty-five year sentence for the aggravated burglary conviction. Davis was not sentenced for the grand theft conviction because the trial court found that this charge was of similar import to the aggravated burglary charge.
 
 
 3
 Davis appealed this conviction to the Ohio Court of Appeals asserting, among other alleged errors, that the trial court should have granted his request for a jury instruction on voluntary intoxication as a defense to the escape charge. The Ohio Court of Appeals found Davis's alleged errors meritless and affirmed the trial court's judgment. Davis then requested leave to appeal to the Ohio Supreme Court, again arguing that the trial court erred by refusing to give a voluntary intoxication instruction. The Ohio Supreme Court denied leave to appeal.
 
 
 4
 Davis then filed his habeas petition in the district court raising the denial of the intoxication instruction as his only claim for relief. The district court denied Davis's petition for habeas relief. In his timely appeal, Davis continues to claim that the trial court violated his constitutional rights by not granting his requested instruction.
 
 
 5
 Upon review, we conclude that the district court properly denied Davis's petition for a writ of habeas corpus because Davis failed to show that he received a fundamentally unfair trial resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 6
 Davis argues that he was entitled to an instruction of voluntary intoxication. For habeas relief to be warranted, Davis must show more than that the jury instructions were undesirable, erroneous, or even universally condemned. He must show that the instructions, taken as a whole, were so infirm that they rendered the entire trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Davis must show that the failure to give the requested jury instruction amounted to a fundamental miscarriage of justice likely to have resulted in the conviction of an innocent person. See Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir.) (purality opinion) (en banc), cert. denied, 496 U.S. 929 (1990). The facts, as summarized by the Ohio Court of Appeals, establish that Davis was not so intoxicated as to be unable to possess the required mens rea to commit the crime of escape. The district court properly denied the petition for habeas relief.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.