919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duane ELAM, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 90-1189.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Duane Elam, through counsel, appeals the district court's order denying his petition for a writ of habeas corpus, filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Elam was convicted by a jury of two counts of first degree murder and sentenced to life in prison. On March 24, 1988, Elam petitioned for a writ of habeas corpus, alleging: 1) his waiver of his right to jury instructions on lesser included offenses was unconstitutional, because the trial court had misinformed him that the mandatory sentence for first degree murder was five years; 2) he was denied a fair trial in that the jury instructions impermissibly shifted the burden of proof to the petitioner; 3) the trial court's instructions failed to accurately define "premeditation;" 4) the trial court's instructions informed the jury, unconstitutionally, that they were required to acquit or convict Elam on both counts of murder; 5) he was denied effective assistance of counsel by counsel's agreeing to an instruction of first degree murder or not guilty, thus eliminating a portion of his defense, specifically self-defense; 6) he was denied effective assistance of counsel by counsel bringing to the attention of the jury the facts that Elam was in jail prior to trial and carried an illegally-obtained gun; 7) he was denied effective assistance of counsel by his counsel's failure to object to the burden-shifting instructions that he complained of; 8) misconduct by the prosecutor deprived Elam of a fair trial by implying, on cross-examination, that the petitioner had informed someone he was prepared to return to the scene and "pull his gun;" 9) the prosecutor had deprived him of a fair trial by introducing a racial argument in closing, which statement was not supported by the record; and 10) the prosecutor implied that the petitioner may have committed other crimes for which he was not on trial. The district court denied the petition, by two separate orders, dated March 3, 1989, and January 18, 1990. On appeal, the petitioner reasserts these ten grounds presented before the district court.
 
 
 4
 Upon review, we conclude that the district court did not err in denying the petition. Because this case is not a capital case, Elam is not entitled to habeas relief on the grounds that he may have been entitled to jury instructions on lesser included offenses. Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.), cert. denied, 110 S.Ct. 2626 (1990). Further, Elam has not shown that any of the other instructions of which he complains were, taken as a whole, so infirm that they rendered the entire trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Thomas v. Arn, 704 F.2d 865, 868-69 (6th Cir.1983).
 
 
 5
 In regard to his complaints based on ineffective assistance of counsel, Elam has not shown that his counsel's performance was deficient, that counsel prejudiced his defense so as to render the trial unfair or the result unreliable, or that his counsel's decisions were outside the realm of reasonable trial strategy. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Finally, Elam has not established, as required for habeas relief, that the alleged prosecutorial misconduct was so egregious, when viewed in the context of the entire trial, so as to deny the petitioner a fundamentally fair trial. Donnelly v. DeChristoforo, 416 U.S. 637, 645-47 (1974); United States v. Castro, 908 F.2d 85, 90 (6th Cir.1990).
 
 
 6
 Accordingly, the district court's order denying the petition for habeas corpus is affirmed for the reasons stated by that court in its orders dated March 3, 1989, and January 18, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation