928 F.2d 1134
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ulysses R. ZACKERY, Petitioner-Appellant,
v.
William H. DALLMAN, Respondent-Appellee.
 No. 90-3462.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 S.D.Ohio, 87-00416, Spiegel, J.
 
 S.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 3
 Ulysses R. Zackery, a pro se Ohio prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Zackery filed his habeas petition challenging his 1987 jury conviction of two counts of felonious assault in violation of Ohio Rev.Code Secs. 2903.11(A)(1) and (A)(2). He was sentenced to twelve to fifteen years imprisonment. In his petition Zackery asserted: (1) that the evidence adduced at his trial was insufficient to permit a rational jury to find him guilty beyond a reasonable doubt; and (2) that the trial court erred when it failed to instruct the jury on the lesser included offense of assault pursuant to Ohio Rev.Code Sec. 2903.13(A).
 
 
 5
 The matter was referred to a magistrate who found no error in the failure to instruct on the lesser included offense; however, he recommended that habeas relief be granted and that Zackery be resentenced because insufficient evidence supported Zackery's conviction. After de novo review of the magistrate's report and recommendation in light of the parties' objections, the district court rejected the magistrate's recommendation and dismissed the petition. Zackery has filed a timely appeal. Zackery requests in forma pauperis status, the appointment of counsel, and the production of a transcript at government expense in his brief on appeal.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Zackery's habeas petition as Zackery was simply not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 Sufficient evidence does exist to support Zackery's conviction. See Jackson v. Virginia, 443 U.S. 307 (1979). Moreover, the trial court did not commit error warranting habeas relief when it failed to instruct the jury on the lesser included offense of assault. See United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), petition for cert. filed, (Sept. 24, 1990); Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (plurality opinion) (en banc), cert. denied, 110 S.Ct. 2626 (1990).
 
 
 8
 Accordingly, the request for in forma pauperis status is hereby denied as moot. The requests for counsel and for the production of a transcript at government expense are also denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation