14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Myron NEWSOME, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 93-3551.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Myron Newsome, a pro se Ohio prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, Newsome requests the appointment of counsel in his appellate brief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Newsome and a codefendant were convicted by a jury in 1990 of murder, with a firearm specification. Newsome was sentenced to three years of actual incarceration on the firearm specification, to be served consecutively to fifteen years to life on the murder conviction. The Court of Appeals of Ohio affirmed Newsome's conviction on April 6, 1992. The Supreme Court of Ohio denied Newsome's application for leave to appeal.
 
 
 3
 In his habeas petition filed September 16, 1992, Newsome alleged: (1) that he was denied due process and a fair trial by the prejudicial joinder of defendants; (2) that jury instructions given by the state trial court so infected the entire proceedings so as to deny the petitioner due process of law; (3) that he was denied due process and a fair trial by the trial court's commentary which unfairly stated the prosecution's theory of the case; (4) that he was denied due process of law and a fair trial by the failure of the trial court to instruct on lesser included offenses; (5) that he was denied due process and a fair trial by the introduction into evidence that petitioner committed other crimes, independent of the offense for which he was tried; (6) that he was denied due process and a fair trial by the introduction into evidence of hearsay matter; and (7) that he was denied the effective assistance of counsel on appeal.
 
 
 4
 A magistrate judge issued a report recommending that the petition be denied. Upon de novo review of the magistrate judge's report and recommendation in light of Newsome's objections, the district court adopted the report and recommendation in a memorandum opinion and judgment filed April 30, 1993.
 
 
 5
 Upon review, we conclude that claims one, five and six were properly dismissed. Review of the record shows that these claims were presented to the state courts solely in terms of state law. Alleged errors of state procedure and evidence rarely serve as a basis for federal habeas relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). A federal court must defer to a state court's interpretation of its own rules of evidence and procedure. Allen v. Morris, 845 F.2d 610, 614 (6th Cir.1988), cert. denied, 488 U.S. 1011 (1989). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle, 112 S.Ct. at 480.
 
 
 6
 Additionally, to the extent Newsome now asserts that claims one, five and six denied him his constitutional rights, he did not fairly present the constitutional claims for state review, that is, he did not raise them during the course of his direct appeal. See Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991). Newsome is now procedurally barred under Ohio law from raising these claims in the state court. Newsome is not entitled to federal review of these claims because he did not establish cause to excuse his failure to present his federal claims for prior consideration by the state courts and actual prejudice resulting from the error. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). Also, it does not appear that Newsome is "actually innocent" of the crime charged. See Murray v. Carrier, 477 U.S. 478, 495-98 (1986).
 
 
 7
 Upon further review, we affirm the judgment denying the habeas petition as to the remaining claims because Newsome has not been denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 Newsome's challenge to the jury instructions lacks merit. As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings. They are not constitutional errors unless they are so fundamentally unfair as to deprive petitioner of a fair trial and due process of law. Henderson v. Kibbe, 431 U.S. 145, 154 (1977).
 
 
 9
 Newsome's claim that the trial court's aggravated murder instruction is an "acquittal first" instruction is not well-taken. As noted by the district court, the plain language of the instruction does not require that the jury unanimously acquit Newsome on the aggravated murder charge before it can consider a lesser included offense of involuntary manslaughter. Rather, it only informed the jury that it could consider whether Newsome was guilty of involuntary manslaughter if it did not reach a unanimous verdict of guilty on the aggravated murder or murder charges. The jury's understanding of the trial court's instruction is evidenced by its verdict. Newsome was found guilty of the lesser included offense of murder and not aggravated murder as charged.
 
 
 10
 When considered in the context of the instruction as a whole, there was no error of a constitutional magnitude by the trial court's addendum to the definition of self-defense. Henderson, 431 U.S. at 145. Also, to the extent that Newsome argues in claim three that the trial court improperly commented on the prosecution's theory of the case, the claim lacks merit. As noted by the district court, the theory of the case instructions addressed the theories of both sides, thus limiting any prejudice likely to arise from only addressing one side's theory.
 
 
 11
 The Ohio Court of Appeals agreed with the trial court that the evidence presented no reasonable basis to justify an instruction on voluntary manslaughter. The decision of the Ohio Court of Appeals is binding on this court insofar as it involves a question of state law. See Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam); Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir.) (plurality opinion) (en banc), cert. denied, 496 U.S. 929 (1990). Thus, the trial court's failure to instruct the jury on voluntary manslaughter did not violate Newsome's right to due process because the evidence did not warrant a finding of guilt on that charge. See United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 12
 Finally, the instance of alleged ineffectiveness of appellate counsel does not rise to a level of a constitutional dimension. Strickland v. Washington, 466 U.S. 668, 687-96 (1984).
 
 
 13
 For the foregoing reasons, the request for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.