57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David WEBB, Petitioner-Appellant,
v.
Tom CAMPBELL, Warden, Respondent-Appellee.
 No. 94-6635.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1995.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 David Webb appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the Garrard County, Kentucky, Circuit Court, petitioner was convicted of four counts of second degree burglary and three counts of theft. Petitioner was sentenced to a cumulative sentence of ten years of imprisonment. The Kentucky Court of Appeals affirmed the convictions on direct appeal, and the Kentucky Supreme Court denied discretionary review.
 
 
 4
 Thereafter, petitioner filed his petition for habeas corpus relief alleging that: (1) an improper variance occurred between the crime charged in his indictment and the proof admitted at trial; (2) the trial court improperly refused to give the jury a lesser included offense instruction; and (3) he received ineffective assistance of counsel at trial. Respondent filed an answer and a motion to dismiss or for summary judgment, and petitioner responded in opposition. The magistrate judge recommended that the petition be dismissed as without merit, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation in part and recommitted the matter to the magistrate judge for further consideration in part. The magistrate judge again recommended that the petition be dismissed as without merit, and petitioner again filed objections. The district court adopted the magistrate judge's recommendation, dismissed the petition, but issued a certificate of probable cause to appeal. On appeal, petitioner reiterates his claims that: (1) he received ineffective assistance of counsel at trial; and (2) the trial court improperly instructed the jury. Respondent contends that petitioner's claims are without merit.
 
 
 5
 Petitioner's claim that he received ineffective assistance of counsel is meritless. First, petitioner did not fairly present his ineffective assistance of counsel claim to the state courts. Nonetheless, an unexhausted claim can be considered in habeas corpus despite petitioner's failure to exhaust available state court remedies where, as here, the claim is clearly meritless. See Haggins v. Warden, Ft. Pillow State Farm, 715 F.2d 1050, 1054-55 (6th Cir.1983), cert. denied, 464 U.S. 1071 (1984). Generally, petitioner must show that counsel's performance was deficient and that his defense was prejudiced such that his trial was unfair and the result unreliable to prevail on a claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Petitioner's ineffective assistance of counsel argument is closely related to his contention that an improper variance occurred between the crime charged in his indictment and the proof admitted at trial. We will not consider the variance argument because, as the district court properly held, petitioner waived this contention by failing to object to the magistrate judge's recommendation that it rejected. See Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987).
 
 
 7
 As to the ineffective assistance argument, petitioner contends that his attorney failed to properly handle the evidence which varied from the indictment. Essentially, petitioner's codefendant gave surprise testimony at trial that petitioner did not enter any of the burglarized buildings but acted as a "look-out" while he entered the buildings and took property. Nonetheless, petitioner's counsel fully cross-examined the witness as effectively as possible under the circumstances. Further, the record reflects that petitioner testified in his defense that he did not participate in the crimes at all. While petitioner contends in a conclusory manner that counsel may have defended him differently had she anticipated his codefendant's testimony, petitioner asserts nothing which rises to the level of ineffective assistance of counsel.
 
 
 8
 Next, petitioner's argument that the trial court improperly instructed the jury is also meritless. Generally, improper jury instructions will not warrant habeas relief unless they are so infirm as to render the entire trial fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 70-73 (1991). A lesser included offense instruction is mandated under the Due Process Clause only where the evidence supports a conviction on the lesser offense and an acquittal on the greater offense. Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990). Here, the state appellate court held that the evidence did not support a conviction of the lesser offense. Therefore, the jury instructions at issue did not render petitioner's entire trial fundamentally unfair.
 
 
 9
 For the forgoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation