**David Louis SAMU, Petitioner–Appellant,**

v.

**Frank ELO, Warden, Respondent–Appellee.**

No. 00–1184.

United States Court of Appeals, Sixth Circuit.

July 9, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

PER CURIAM.

Petitioner David Louis Samu appeals the dismissal of his habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner and his co-defendant Darlene Kacher were charged with first degree murder in the shooting death of James Karcher, Darlene Kacher's husband. Darlene Kacher was the principal witness against Petitioner. She was allowed to plead guilty to second degree murder for her testimony against him. At trial the evidence showed that Darlene asked Petitioner to kill James because James abused her and their children. Darlene originally told the police that a burglar had killed James and then fled. After several years and several tips to the police, Darlene and Petitioner admitted that they killed James. A jury convicted Petitioner of the lesser included offense of second degree murder.

Petitioner raises five issues, but each lacks merit. First, Petitioner claims that the prosecutor used knowingly perjured testimony by Darlene that exaggerated James's abuse. "The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Coe v. Bell,* 161 F.3d 320, 343 (6th Cir.1998).

Although Darlene's testimony may have been perjured, it was not prejudicial to Petitioner because it made his defense, which was based on the defense of another, more sympathetic. In other word, there was no reasonable likelihood that

Darlene's testimony could adversely affect the jury's verdict.

Second, Petitioner claims that the prosecutor improperly introduced evidence that Darlene had forged James's signature on an application for $30,000.00 of life insurance and collected on the policy. The admission of evidence does not rise to the level of a federal constitutional claim unless the error renders the trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Here, the prosecutor did not argue that Petitioner killed James for money or that Petitioner even knew about the policy before the murder. The admission of the evidence did not render the trial fundamentally unfair and, therefore, is not a basis for habeas relief.

Third, Petitioner claims that the trial court should have given the lesser-included offense instruction on manslaughter. Only if the failure to instruct on lesser included offenses results in a miscarriage of justice or a fundamental defect in due process, will this type of error merit habeas relief. *Bagby v. Sowders*, 894 F.2d 792, 796–97 (6th Cir.1990) (en banc). Here, there is no miscarriage of justice or a fundamental defect in due process. Further, no clearly established Supreme Court authority requires lesser-included offense instructions in non-capital cases. Thus, under the AEDPA, 28 U.S.C. § 2254(d)(1), this claim is not a basis for habeas relief. *Williams v. Taylor*, 529 U.S. 362, 376–80, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (requiring clearly established Supreme Court precedent).

Fourth, Petitioner claims that the prosecutor improperly elicited and commented on the fact that Petitioner consulted an attorney shortly after the murder. Prosecutorial misconduct is subject to harmless error analysis. *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir.1997). On federal habeas review, a petitioner must show that a trial error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Here, Petitioner has not shown any prejudice because the prosecutor's statement was an isolated incident during cross-examination and not revisited or developed during closing argument.

Fifth, Petitioner alleges ineffective assistance of trial counsel because defense counsel did not object to admission of the life insurance policy and did not request a lesser-included voluntary manslaughter instruction. However, as discussed above, these omissions did not prejudice Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that ineffective assistance of counsel requires deficient performance and actual prejudice). Petitioner also alleges ineffective assistance of appellate counsel because he only challenged the sentence, not the conviction. However, reviewing courts readily defer to sound litigation strategies. *Id.* at 689, 104 S.Ct. 2052; *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir.1984). Here, appeal of only the sentence appears to be a sound decision because on retrial Petitioner possibly could have been convicted of first-degree murder.

For the reasons stated and for the reasons more fully articulated by the district court in its memorandum opinion and order dated January 18, 2000, we find that Petitioner's habeas corpus petition was properly denied. Therefore, we AFFIRM.