NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0276n.06

Nos. 09-6289/6290

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ANDRE DRAPER-EL, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| NANCY DOOM, Warden, | ) | KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |

Before: KEITH, MARTIN, and BOGGS, Circuit Judges.

PER CURIAM. Andre Draper-El, who is represented by counsel, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (No. 09-6290), and an order denying his motion to clarify a state statute (No. 09-6289), filed in the same underlying action. The appeals have been consolidated.

In 2004, a jury convicted Draper-El of second degree burglary and being a first degree persistent felony offender. He was sentenced to twelve years of imprisonment, enhanced from ten years, because of his persistent felony offender conviction. On direct appeal, Draper-El argued, among other things, that he was erroneously denied lesser-included offense instructions on receiving stolen property and facilitation of burglary. He also argued that the jury instruction on the persistent felony offender charge violated Kentucky's unanimous verdict rule. The Kentucky Court of Appeals concluded that Draper-El was not entitled to the lesser-included offense instructions. Although the court found the persistent felony offender instruction to be erroneous, because Draper-El had failed to object to the instruction, the court of appeals reviewed the claim under a "palpable error" standard.

The court found on review that the error failed to meet this standard. Draper-El was also unsuccessful in his post-conviction relief pursuits in the state courts of Kentucky.

Draper-El then filed this federal habeas corpus petition. He wrote only "due process" as his first claim for relief on the form petition, but he attached a brief from his state direct appeal. The matter was referred to a magistrate judge, who found that the first claim of "due process" was conclusory and should be dismissed. The magistrate judge addressed the jury-instruction claims only in a footnote, holding that they had not been properly raised in the petition and were meritless. The district court adopted the magistrate judge's recommendation to dismiss the petition. This court granted Draper-El a certificate of appealability on the two jury-instruction claims that were contained in the attached brief.

A petition for a writ of habeas corpus may be granted on an issue that was decided by a state court only if the state court's decision was contrary to "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has never held that due process requires lesser-included offense instructions in non-capital cases. *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). Even in capital cases, the requirement of lesser-included offense instructions is grounded on Eighth Amendment concerns, rather than on due process concerns. *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990) (en banc). Accordingly, Draper-El is not entitled to a writ of habeas corpus on his lesser-included offense instructions claim.

The record establishes that Draper-El failed to object to the jury instruction on his persistent felony offender charge. Due to this procedural default, we may not review this claim unless Draper-El establishes cause and prejudice to excuse his default, or shows a miscarriage of justice. *See Hinkle v. Randle*, 271 F.3d 239, 244-45 (6th Cir. 2001). Draper-El has not satisfied this burden.

The district court's order dismissing Draper-El's petition for a writ of habeas corpus is affirmed. Because the denial of Draper-El's motion to clarify a state statute was not certified for review by either the district court or this court, the appeal of that order is not properly before the court for review.