CLAY, Circuit Judge,
concurring in the judgment.
I concur with the judgment of the lead opinion, but write separately because the lead opinion contains a substantial amount of dicta that I do not endorse.
This Court is unable to grant McMullan habeas relief under 28 U.S.C. § 2254(d)(1) because the Supreme Court has never held that the Due Process Clause requires a lesser-included offense instruction in a non-capital case. See Beck v. Alabama, 447 U.S. 625, 638 n. 14, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) (declining to decide whether the Due Process Clause would require giving lesser-included offense instructions in a non-capital case). The lead opinion quotes a Sixth Circuit case for the proposition that “the Constitution does not require a lesser-included offense instruction in non-capital cases.” Lead Op. at 667 (quoting Campbell v. Coyle, 260 F.3d 531, 541 (6th Cir.2001)). This out-of-context quotation is not only superfluous but also somewhat misleading. This Court has never held that the Due Process Clause does not require a lesser-included offense instruction in a non-capital case; we have merely recognized that failure to deliver such an instruction in a non-capital case does not give rise to a claim that is “cognizable in federal habeas corpus review.” Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.1990) (en banc). The lead opinion’s statement that “defendants do not have a constitutional right to a lesser-included-offense instruction in non-capital cases,” Lead Op. at 672, must be understood in the context — and within the confínes — of the habeas case before this Court. Whether the Due Process Clause requires a lesser-included offense instructicm in non-capital cases is not a question before this Court. Accordingly, to the extent that the lead opinion purports to answer this question, its statements must be considered dicta.
This Court is also unable to grant McMullan habeas relief under 28 U.S.C. § 2254(d)(2). The state trial court’s refusal to give the involuntary manslaughter instruction was not based on an unreasonable determination of the facts presented at trial. In his own testimony, McMullan admitted to getting the gun from his wife’s bag and pointing the loaded gun at Smith’s chest during their altercation. McMullan acknowledged that the gun had to be cocked in order to be fired, and offered no explanation for how or why the gun could have discharged without him cocking it. Only now, for the first time, does McMul-lan set forth the theory that the gun could have already been cocked when he retrieved it from his wife’s bag. It was not unreasonable for the trial court to view the evidence as it did, and to conclude that no rational view of the facts could support a *678 jury instruction for involuntary manslaughter.
I disagree with the lead opinion’s analysis of McMullan’s § 2254(d)(2) argument inasmuch as it suggests that the presence of facts sufficient to establish the requisite malice for murder rendered the instruction for involuntary manslaughter unnecessary. See Lead Op. at 669-70, 671-72. The fact that “the use of a deadly weapon alone can establish the requisite malice for murder,” People v. Bulls, 262 Mich.App. 618, 687 N.W.2d 159, 165 (2004), supports the trial court’s decision to include the murder instruction; it does not justify its refusal to give the involuntary manslaughter instruction.
I also disagree with the lead opinion’s remarks regarding the scope of the Sixth Amendment jury trial right, and I note that the lengthy discussion in section 2.b of the lead opinion is wholly unnecessary to the resolution of this habeas case. The lead opinion purports to hold that the Sixth Amendment “does not prohibit judges from declining jury instructions on lesser included offenses in non-capital cases.” Lead Op. at 669. This statement is pure dicta, as we need not opine on the scope of the Sixth Amendment jury trial right in order to reject McMullan’s argument for relief under § 2254(d)(2).,. Similarly, the prolonged academic discussion in section 2.c is unnecessary, and does not create binding precedent in this Circuit. “Dictum settles nothing, even in the court that utters it.” Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 352, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005).
I agree with the lead opinion’s conclusion that McMullan’s ineffective-assistance argument fails because the state court did not unreasonably apply Strickland. The state court correctly articulated the law, and noted that there was no evidence that a plea bargain existed at the time McDowell testified. Because the state court’s application of Strickland was not unreasonable, McMullan cannot obtain habeas relief on this ground.
Similarly, McMullan cannot show that he was entitled to habeas relief under 28 U.S.C. § 2254(d)(1) based on the government’s failure to disclose McDowell’s plea agreement. The state court did not unreasonably apply Brady. After considering the similarities between the testimony of McMullan and that of McDowell, the state court concluded that there was not a reasonable probability that McMullan’s trial outcome would have been different if the prosecutor had disclosed any purported plea agreement. This conclusion was not unreasonable.
For the foregoing reasons, I concur in the judgment, but do not subscribe to the lead opinion and the gratuitous dicta therein.